See also, 360 F.Supp. 424.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**GRIFFIN WHEEL COMPANY, and International Molders, and Allied Workers Union, Local No. 75, AFL–CIO, Defendants-Appellees.**

No. 74–1546.

United States Court of Appeals, Fifth Circuit.

April 10, 1975.

William A. Carey, Gen. Counsel, William L. Robinson, Associate Gen. Counsel, Linda Colvard Dorian, Charles L. Reischel, Attys., EEOC, Washington, D. C., Roger J. Martinson, Acting Reg. Atty., Alfonso McGhee, Associate Regional Atty., Ellis L. Bert, Asst. Reg. Atty., William Franklin Jordan, Atty., EEOC, Atlanta Regional Litigation Center, Atlanta, Ga., Beatrice Rosenberg, Joseph T. Eddins, Attys., EEOC, Washington, D. C., for plaintiff-appellant.

William F. Gardner, John C. Falkenberry, William E. Mitch, Birmingham, Ala., for defendants-appellees.

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge:

In 1970 Curtis Pack and Jimmy Youngblood filed charges with the EEOC alleging discrimination. The EEOC filed the complaint instituting this action in May 1973; the complaint sought an injunction and also asked the court "to make whole those persons adversely affected by the practices and policies alleged herein" including an award of back pay. (The union was joined as a defendant because its presence might have been necessary in framing a remedy.) The district court granted the defendants' motion for summary judgment on the grounds that the action was barred by the Alabama statute of limitations and that the EEOC was not authorized to file suit after the expiration of the 180 day period provided by the 1972 amendment to Title VII. We reverse.

## I. 180 DAY LIMITATION UNDER TITLE VII

Subsequent to the date on which the district court granted summary judgment, this Circuit held that Title VII of the Civil Rights Act[1] does not impose a 180 day limitation on the power of the EEOC to bring suit. EEOC v. Louisville & Nashville R. R., 505 F.2d 610 (5th Cir. 1974). Therefore, there is no need for us to discuss this point.

## II. STATE STATUTE OF LIMITATIONS

Pack filed his charge with the EEOC asserting:

I believe the Company discriminated against me because of my race (Negro) by giving me a warning notice for an offense in which they have not give [sic] such notices to white employees

---

1. Section 706(f)(1), 42 U.S.C. § 2000e–5(f).

and for intending to lay me off for the same offense.

This charge was later amended to read: "I believe that the Company discriminated against me because of my race by giving me a warning notice for an offense that Caucasian employees commit and are not given warning notices." Youngblood's charge was, "I believe the Company discharged me because of my race (Negro)." The EEOC's investigation of these charges convinced it that a broad pattern of racial discrimination as charged in the complaint existed at Griffin Wheel.[2]

The district court ruled that the record did not establish sufficient undisputed facts which would entitle the defendants to summary judgment on either of the two additional grounds asserted by them (*viz.*, that the issues presented in the complaint went beyond the permissible extension of the express matters embraced in the charges filed with the EEOC [3] and that res judicata barred the suit).

Our question narrows to whether the district court erred in granting summary judgment on the ground that the action was barred by the Alabama statute of limitations.[4]

The major case in this Circuit dealing with the limitation periods to be applied to actions brought under Title VII is United States v. Georgia Power Co., 474 F.2d 906 (5th Cir. 1973). Although that case was brought by the Attorney General under section 707 of Title VII as a "pattern or practice" suit and the case *sub judice* was brought by the EEOC under section 706, we find *Georgia Power* helpful as we approach the question presented here.

■ Title VII is silent as to limitation periods. Section 706(g) does specify that "[b]ack pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission." But this is not a prescription as to when suits may be filed. Clearly, Congress simply meant to provide a maximum period during which an employer might be liable for back pay, but it did not thereby intend to modify applicable state statutes of limitations on the ability to bring suit.

*Georgia Power* dictates the answer to our question. There we said (474 F.2d at 906):

> Where the government is suing to enforce rights belonging to it, state statutes of limitation are not applicable. *See e. g.*, United States v. Thompson, 98 U.S. 486, 488–491, 25 L.Ed. 194 (1878) and United States v. Summerlin, 310 U.S. 414, 416–417, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). However, this principle is not apropos to the present back pay claims. Insofar as the pattern or practice suit constitutes a proper legal conduit for the recovery of sums due individual citizens rather than the treasury, it is a private and not a public action. *Cf.* United States v. Beebe, 127 U.S. 338, 346, 8 S.Ct.

---

2. The EEOC's amended complaint alleges that Griffin Wheel violated Title VII in

   (a) Discriminating against Blacks in hiring, discharges, and other terms, conditions and privileges of employment.

   (b) Maintaining a disciplinary system for violations of company policy which discriminates against Blacks on the basis of race. Blacks are given written warnings for violations of company policy whereas Caucasians are given verbal warnings. This system results in the greater frequency of disciplinary actions, including layoff and discharge, against Blacks.

   (c) Maintaining locker, shower and restroom facilities segregated on the basis of race.

   (d) Failing and refusing to take appropriate affirmative action to eliminate its discriminatory employment practices and policies and to correct the effects of present and past discrimination against Blacks.

3. *See* Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970).

4. "The following must be commenced within one year; . . . Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated." Ala.Code tit. 7, § 26.

1083, 32 L.Ed. 121 (1888), and United States v. Smelser, 87 F.2d 799 (5th Cir. 1937). These personal claims are entitled to no superior status because they are here allowed to be asserted in the Attorney General's suit as well as in the private class action.

Rather than the contention of either of the parties, we follow the general rule expressed in Beard v. Stephens, a decision involving an action for damages under 28 U.S.C. § 1343:

> Congress has created many federal rights without prescribing a period for enforcement. In such cases the federal courts borrow the limitations period prescribed by the state where the court sits. The applicable period of limitations is that which the state itself would enforce had an action seeking similar relief been brought in a court of that state. [372 F.2d 685, 688 (5th Cir. 1967)]

To accomplish this goal, "[w]e must look . . . first to federal law to determine the nature of the claim and then to state court interpretations of the state's 'statutory catalogue' to see where the claim fits into the state scheme." *Id.*

■ In the suit before us is the EEOC "suing to enforce rights belonging to [the sovereign]" or is it employing the suit as a "legal conduit for the recovery of sums due the individual citizens rather than the treasury"? We find that it is doing both. Insofar as the complaint seeks injunctive relief, the EEOC is seeking to enjoin practices contrary to public policy as prescribed in the United States Constitution and in enactments of Congress, EEOC v. Duff Brothers, Inc., 364 F.Supp. 405 (E.D.Tenn.1973), thus "vindicating a policy that Congress considered of the highest priority." Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265 (1968). The injunctive feature of the case is thus squarely within the rule that when the federal government or one of its agencies is the plaintiff suing to enforce rights belonging to the sovereign, state statutes of limitations are not applicable.[5] United States v. Georgia Power Co., *supra*; EEOC v. Duff Brothers, Inc., *supra*. Clearly the district court was in error in granting summary judgment as to that aspect of the case. *See, e. g.,* EEOC v. Kimberly-Clark Corp., 6 Cir., 1975, 511 F.2d 1352 [1975].

■ Insofar as the complaint seeks recovery of back pay it is private and not public in nature and is subject to the Alabama statute of limitations. This means that the action must have been commenced within one year after the occurrence of the injury complained of. Upon remand, the district court must give further consideration to whether this action was timely commenced within the purview of the state statute of limitations. Its memorandum opinion erroneously treated the filing of the last charge (on March 16, 1971) as "the last actionable act."[6] *Georgia Power* teaches that employment discrimination may as readily be a continuing course of conduct as a single event (474 F.2d at 922); that the court must determine the most recent date on which the discriminatee's cause of action accrued; that for the purpose of the statute of limitations a cause of action accrues whenever an individual is directly and adversely affected by that discriminatory practice; that in individual cases the event may be the refusal to hire the discriminatee or the refusal to promote on the basis of race or sex; and that the date of the last act of discrimination for the purpose of the statute of limitations is a question of fact for the trial court. 477 F.2d at 924.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

5. As *Georgia Power* indicates, the doctrine of laches would remain applicable. 474 F.2d at 923.

6. While the filing of the charge is a jurisdictional prerequisite to bringing suit under Title VII, it does not fix the date on which the cause of action accrues (unless perchance the charge be filed on the same day on which the injury occurs).