## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

## GRIFFIN WHEEL COMPANY and International Molders and Allied Workers Union, Local No. 75, AFL–CIO, Defendants-Appellees.

### No. 74–1546.

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1975.

William A. Carey, Gen. Counsel, William L. Robinson, Assoc. Gen. Counsel, Linda Colvard Dorian, Charles L. Reischel, Attys., EEOC, Washington, D. C., Roger J. Martinson, Acting Reg. Atty., Alfonso McGhee, Assoc. Regional Atty., Ellis L. Bert, Asst. Reg. Atty., William Franklin Jordan, Atty., EEOC, Atlanta Regional Litigation Center, Atlanta, Ga., Beatrice Rosenberg, Joseph T. Eddins, Attys., EEOC, Washington, D. C., for plaintiff-appellant.

William F. Gardner, John C. Falkenberry, William E. Mitch, Birmingham, Ala., for defendants-appellees.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Pursuant to permission granted, the EEOC has filed an out-of-time petition for rehearing asking clarification of our opinion of April 10, 1975, in two respects: first, to make sure that in holding that "the action must have been commenced within one year after the occurrence of the injury complained of" we did not mean to abrogate the tolling principle, and second, to recognize its "understanding" that "if the suit is timely filed, back pay could properly be recovered for the entire period for which there was injury except that under section 706(g) back pay could not accrue from a date more than two years before the filing of the charge."

The petition recites that while the EEOC did not read the opinion as impinging upon the "decision[s] of this Circuit holding that the period for which individuals may recover back pay is tolled for the period during which a charge is under administrative processing," citing *Franks v. Bowman Transportation Company*, 495 F.2d 398, 405 (5th Cir. 1974) and *United States v. Georgia Power Company*, 474 F.2d 906, 925 (5th Cir. 1973), "respondents are interpreting the opinion to hold that back pay cannot be recovered for a period more than the state period of limitations prior to filing suit, in most cases one year."

In response to the petition for rehearing, Griffin Wheel Company, appellee, insists that the petition asks us to render a ruling on a point which has not been decided or even considered by the district court and which is being raised for the first time in the petition for rehearing; that the points raised by the petition should be considered and decided by the district court on remand in accordance with the opinion's mandate that "upon remand, the district court must give further consideration to whether this action was timely commenced within the purview of the state statute of limitations"; that all questions raised about the tolling principle should be heard and decided by the district court on a full-scale presentation which probably would include the taking of evidence. (The record before us fails to disclose how long the administrative proceeding pended.) Indeed the case has not been tried but was disposed of by summary judgment. Some particular questions raised by the response are: what effect, if any, does the recent decision of the Supreme Court in *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, 43 U.S.L.W. 4623 (1975) have upon the applicability of the tolling principle in this case; assuming that the tolling principle applies, does it toll the statute as to all complaint allegations or only as to the complaint allegations raised previously by the charge (in addition to the defense of res judicata yet to be decided is the defense that plaintiff is seeking to bring suit on claims and allegations not raised in the charges on which the complaint is based, citing *United States v. Georgia Power Company*, 474 F.2d 906, 925 (5th Cir. 1973), the EEOC contending that *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) invalidates this defense, these two defenses not having been reached by the summary judgment); and assuming that the tolling principle applies, should it apply in favor of the Commission "when the Commission itself is responsible for the long delay in the processing of the case", citing *Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 649, fn. 12 (5th Cir. 1974) and *EEOC v. Westvaco Corp.*, 372 F.Supp. 985 (D.Md.1974).

None of the foregoing contentions seems to have been urged in or considered by the district court. The district court held in effect that the com-

plaint as a whole sought the enforcement of private as distinguished from public rights and as such was subject to the state statute of limitations. We held that the injunctive aspects of the complaint sought the enforcement of public rights and therefore were immune from the statute of limitations, while the back pay aspects sought the enforcement of private rights and were subject to the statute of limitations. On appeal the tolling principle was not mentioned, and insofar as the record discloses it was not mentioned in the district court. We first hear of it in the petition for rehearing and it is raised now apparently because of our sentence in the opinion, "This means that the action must have been commenced within one year after the occurrence of the injury complained of." Said sentence was intended merely as a paraphrase of the Alabama one year statute of limitations and not as an abrogation of the tolling principle. Since a statute of limitations may remain silent as to causes for its suspension, *Braun v. Sauerwein*, 77 U.S. (10 Wall.) 218, 19 L.Ed. 895 (1870), it would seem that a paraphrase of such statute should be accorded the same liberty. The tolling issue must be considered by the district court.

While our opinion is thus clarified hereby as to the meaning of the sentence quoted therefrom we deem it inappropriate for us to comment upon EEOC's "understanding" as to the period for which back pay may be recovered or upon any of the contentions raised by Griffin Wheel Company in its response, leaving all such matters to be considered and decided by the district court on the remand we have ordered.

Except to the extent that our opinion is clarified, the Petition for Rehearing is denied. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on hearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.