Johnnie ADAMS et al.

v.

**JEFFERSON DAVIS PARISH SCHOOL BOARD et al.**

Civ. A. No. 760922.

United States District Court, W. D. Louisiana, Lake Charles Division.

May 25, 1978.

James J. Cox, Cox, Cox & Knapp, Lake Charles, La., for plaintiff.

· Bernard N. Marcantel, Dist. Atty., Thirty-first Judicial District, Jennings, La., Stephen J. Katz, Rankin & Yeldell, Bastrop, La., for defendants.

## RULING ON MOTION

VERON, District Judge.

Jurisdiction of this court in this case (alleging discrimination by defendants in their hiring and advancement practices) has been invoked pursuant to Title 28 U.S.C. §§ 1343(3)(4), 2201, 1331, and the Fourteenth Amendment. Plaintiffs also cite Title 42 U.S.C. §§ 1981 and 1983 as a basis for this action, which is brought as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs assert that they represent the class of all employees or potential employees of defendants who have been or will be discriminated against because of their race. It is claimed that the alleged discrimination takes the form of refusal to hire certain black applicants as well as refusal to elevate various faculty members, clerical employees, members of coaching staffs, etc. to higher positions solely because they are

black. Plaintiffs also allege that defendants (Jefferson Davis Parish School District and several members of the school board) have followed a policy that discourages blacks from applying for employment or advancement. Defendants moved this court to dismiss and strike the class action aspects of the complaint, claiming that the named plaintiffs did not represent a class within the meaning of Rule 23. In our ruling and opinion of October 11, 1977, we granted conditional certification of this suit as a "class action" noting that we might reconsider that decision if further discovery indicated that such certification was not warranted.

Defendants filed a motion for partial summary judgment on June 23, 1977. That motion, which we now decide, was the subject of oral argument in conjunction with plaintiffs' motion for class certification and was reargued on January 24, 1978, along with defendants' motion for reconsideration of our decision regarding class certification.

■ Defendants' motion for partial summary judgment is based on what is asserted to be the relevant statutes of limitations to be applied to claims which arise under either Title VII of the Civil Rights Act of 1964, or 42 U.S.C. §§ 1981 and 1983. The prescriptive period for Title VII is separate and distinct from the period for §§ 1981 and 1983 and the filing of a charge with the Equal Employment Opportunity Commission under the former does not necessarily toll the running of the statute of limitations for claims under the latter statutory framework.

■ It is clear that the prescriptive period for purposes of Title VII charges is 180 days prior to the filing of those charges. Plaintiffs filed Title VII charges with the Equal Employment Opportunity Commission on or about August 31, 1976. We therefore hold that any Title VII claims, urged by the named plaintiffs in the instant action, which arose more than 180 days before that date are barred by the applicable statute of limitations.

■ Plaintiffs' claims for back wages asserted under Title VII may also be barred by a separate statute of limitations. Defendants cite *Equal Employment Opportunity Commission v. Griffin Wheel Co.,* 511 F.2d 456, rehearing 521 F.2d 223 (5th Cir. 1975) as support for the proposition that no claim for back wages may be heard if the acts complained of occurred more than one year prior to the filing of charges with the EEOC. It is defendants' contention that the two year time limit for back pay liability specified in 42 U.S.C. § 2000e–5(g) indicates the longest statute of limitations appropriate for Title VII actions but does not prevent an individual state from applying a more restrictive statute of limitations. We do not believe that applying a one year statute of limitations would be a correct interpretation of what the law is or ought to be. The *Griffin Wheel Co.* case has been questioned repeatedly. (See *Wilhite v. South Central Bell Telephone & Telegraph Co.,* 426 F.Supp. 61 (E.D.La., 1976); *Watkins v. Scott Paper Co.,* 530 F.2d 1159 (5th Cir. 1976). A Federal District Court in California enunciated what we believe to be a well reasoned explanation of the relationship between state statutes of limitations and the period of limitation to be found in Title VII when dealing with claims for back wages:

"The 1972 amendment [to Title VII], however, makes reliance upon state statutes of limitations unnecessary. In *Draper v. United States Pipe & Foundry Co.,* 527 F.2d 515, 522 (6 Cir. 1976), the Sixth Circuit rejected the defendant's contention that a Title VII claim for back wages should be governed by the Tennessee statute of limitations:

'Title VII establishes its own statute of limitations, and state law is irrelevant in determining whether a private individual has lost his right of action under Title VII through the passage of time.
* * *
'* * * Under the 1972 amendments, which apply to the case at bar, "[b]ack pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commis-

sion." 42 U.S.C. § 2000e–5(g). Thus state law does not apply to determine the timeliness of the action or to limit the relief available to Draper.'

*Accord, Stroud v. Delta Airlines, Inc.,* 392 F.Supp. 1184, 1190 n. 3 (N.D.Ga.1975). As the Supreme Court stated in *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946):

'If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive.' " *Roberts v. Western Airlines,* 425 F.Supp. 416 (N.D.Cal., 1976) at 420.

This rationale is explained more fully by the court in footnote 6 on the same page:

"Several courts have concluded that Congress did not intend the 1972 amendment to create a federal period of recovery for back pay awards; instead, Congress merely meant to establish a maximum limit in the event that an applicable state statute allowed a longer period of recovery. *Equal Employment Op. Com'n v. Griffin Wheel Co.,* 511 F.2d 456, 458–459 (5 Cir. 1975); *E. E. O. C. v. National Cash Register Company,* 405 F.Supp. 562, 573–574 (N.D.Ga.1975) *Equal Employment Op. Com'n v. Union Oil Co. of Cal.,* 369 F.Supp. 579, 588 (N.D.Ala.1974) (dictum). These opinions cite no legislative history to support their conclusions.

It is highly unlikely that Congress consciously would choose to make the scope of a federal right vary with the state in which the plaintiff happens to bring his or her action. Moreover, even a cursory examination of the amendment's legislative history shows that Congress *did* intend to create a two-year federal period of recovery to govern the award of back pay under Title VII."

Indeed, the Fifth Circuit, though speaking of the dangers of applying a state statute of limitations to actions arising under §§ 1981 and 1983, articulated the concerns which we feel should be the decisive factor in determining which prescriptive period should be applied to claims of this type:

"It borders on the solecistic to legislate a federal cause of action cognizable in federal courts, but migrate to the states for a time limitation based on state law. Not only might the variations in limitations provisions among the states encourage forum shopping, but the stricture that federal courts choose among various state statutes engenders the confusion that often results when a federal court wanders about in alien state territory. Most important, of course, the uncertainty about which limitations provision applies affords inadequate notice to potential plaintiffs." *Ingram v. Steven Robert Corp.,* 547 F.2d 1260, 1263 (5th Cir., 1977).

We therefore hold that with regard to claims for back wages under Title VII a two-year statute of limitations is to be applied and the plaintiffs may assert such claims only if they arose within two years of the filing of complaints with the EEOC.

■ The question of the applicable statute of limitation for claims arising under §§ 1981 and 1983 must be treated separately from the Title VII statute of limitations issues. 42 U.S.C. §§ 1981 and 1983 do not specifically delineate the prescriptive period. The controlling period should therefore be the most appropriate one provided by state law. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 495 (1975). See *Ingram v. Steven Robert Corp.,* supra, at 1260–1262 for a complete analysis of this point. 42 U.S.C. § 1988 has been interpreted as expressly granting the power to District Courts to borrow the applicable state statute of limitations which the state in which the court sits would enforce in actions under these sections since such a statute of limitations is not "inconsistent with the Constitution and laws of the United States" within the meaning of § 1988. (See, for example, *Pollard v. U. S.,* 384 F.Supp. 304 (D.C.Ala., 1974.) In Louisiana that period would be the one year limitation provided for ex delicto actions by Louisiana Civil Code Article 3534. *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364 (5th Cir. 1974). We therefore hold that acts alleged-

ly perpetrated by defendants more than one year prior to the filing of the case at bar on August 31, 1976, may not be urged by plaintiffs as the basis for their complaints under §§ 1981 and 1983.

For the foregoing reasons we conclude that the applicable statutes of limitations are one year for actions brought under 42 U.S.C. §§ 1981 and 1983, 180 days for claims made under Title VII and two years for claims for back wages made under Title VII. In so holding we make no ruling as to which plaintiffs, if any, are thereby prevented from representing the class which has allegedly been similarly wronged. Also, we decline to rule on defendants' motion for reconsideration of our conditional certification of the class until all parties have been given an opportunity to present further briefs and oral argument on the issue.