Sandra S. GEROMETTE, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, a Delaware Corporation, Defendant-Appellee.

No. 77–1184.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1979.

Decided Dec. 3, 1979.

Sandra S. Geromette, pro se.

Wendell R. Tucker, General Motors Corp., Detroit, Mich., for defendant-appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court granting Defendant-Appellee General Motors Corporation's (GM) motion to dismiss Plaintiff-Appellant Geromette's third amended complaint alleging violation of Title VII, 42 U.S.C. § 2000e et seq. on the ground that it was time barred by Michigan's three year statute of limitations. M.C.L.A. § 600.5805(7). The District Court in so ruling, relied on *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) and also *Equal Employment Opportunity Commission v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1359–60 (6th Cir. 1975); *Equal Employment Opportunity Commission v. Griffin Wheel Co.*, 511 F.2d 456, 458–59 (5th Cir. 1975). The District Court stated that Michigan's three year statute of limitations for personal injuries was the applicable statute since "[t]he deprivation of civil rights is a wrong to the person." *Equal Employment Opportunity Commission v. Detroit Edison Co.*, 515 F.2d 301, 308–09, 315 (6th Cir. 1975).

Irrespective of the correctness of this ruling, there is the question whether plaintiff's cause of action for violation of Title VII was time barred by the applicable time period provided therefor in 42 U.S.C. § 2000e–5(e).

The Michigan Civil Rights statute provided that a verified complaint alleging violations of such claims was required to be filed with the Michigan Civil Rights Commission within 90 days after the alleged act of discrimination. M.C.L.A. § 423.307(b). Such claims also must be filed with EEOC within 180 days after the alleged discrimination as required by Title VII. 42 U.S.C. § 2000e–5(e). GM contends that the complaint was not filed with the Michigan Civil Rights Commission until over seven months after the alleged act of discrimination. GM further contends that Geromette did not timely file her charge with the EEOC within 180 days after the alleged act of discrimination as is required by Title VII. 42 U.S.C. § 2000e–5(e).

The facts as gleaned from the four complaints and attachments thereto filed by the plaintiff and contained in statements and admissions by counsel for both parties at hearings conducted by the District Court on

August 16, 1976 and November 29, 1976, disclose that Plaintiff Geromette had been employed by GM as a legal secretary in the office of the legal department of GM. She was discharged by GM on July 19, 1971 and never performed any secretarial or other services as an employee of GM at any time thereafter.

Geromette did not file suit in the District Court against GM for alleged discrimination until April 6, 1976, nearly five years after she had been discharged. Because certain filing dates appear to be stated inconsistently in some of the complaints, it is appropriate that we examine the Charge of Discrimination filed by Geromette with EEOC, photocopies of which were attached to the amended and third amended complaints. It is attached hereto marked Exhibit "A".

The Charge is stamped:
Received
February 16, 1972
EEOC Detroit District

Item 8 of the Charge filed with EEOC contains an affidavit sworn to by Geromette before an Equal Employment Officer on March 16, 1972 that she has read the charge and it is true "to the best of my knowledge, information and belief." At the time of her discharge, plaintiff had been employed by GM as a legal secretary for more than six years. It must be presumed that she could read and write and knew exactly what she was doing.

■ In our opinion, the District Court was justified in regarding the sworn statements in the Charge as admissions against the interest of the affiant and in the absence of any evidence to the contrary, the court had the right to accept the statements as true.

In Item 2 of the Charge, she states that the discrimination was because of sex. She now claims it was sex and religion.

Item 3 states that GM discriminated against her.

Item 4 states that she filed this charge against M. C. R. C. (Michigan Civil Rights Commission) on March 11, 1972.

The Right to Sue letter was not given by the EEOC until April 10, 1976 when it was issued at the request of the plaintiff.

■ It is clear from the above that no charge was filed either with the Michigan Civil Rights Commission or with the EEOC within 180 days from the date of plaintiff's discharge. Under Michigan as well as federal law her Title VII cause of action is barred. This was the holding in *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975 en banc) in a well-written opinion by Chief Judge Gibson. *Olson* involved facts somewhat similar to those in the case at bar. The opinion explained the applicable statutes which were not very clearly written by Congress.

■ The fact that at some time subsequent to her discharge GM settled with Geromette for benefits which were due her upon the termination of her employment did not operate to extend the date of her discharge.

The original complaint was filed without verification alleging causes of actions based on 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986, the First, Fifth and Fourteenth Amendments, breach of contract, defamation, invasion of privacy, and interference with advantageous relationships, conspiracy and religious discrimination. In subsequent amended complaints, plaintiff sued Otis Smith, General Counsel for GM, and the Michigan Civil Rights Commission. They were both dismissed on subsequent motions to dismiss filed by GM. The court also dismissed all other claims except the cause for the alleged violation of Title VII. She was given leave to file a third amended complaint asserting a cause of action under Title VII. Upon filing such a complaint, GM then filed its motion to dismiss on the ground it was not timely filed, which was granted by the court.

Most of the confusion in this case has resulted from the fact that plaintiff was not always represented by an attorney and even when represented, the attorney did not seem to be well prepared. He relied on what his client told him in making some of

the allegations in the complaints rather than relying on the written record. In our court, Geromette filed a motion in June, 1979, to extend the time so that she could obtain substitution of counsel which motion this court granted. On September 24, 1979, she filed a second motion in this court which was to adjourn the oral argument of the appeal assigned for hearing on October 8, 1979 on the ground that her counsel had not been substituted as yet, which motion was denied. The plaintiff appeared in court for oral argument on October 8, 1979 and was permitted to argue pro se.

We find no error in the dismissal of Otis Smith. No claim was asserted against him or against Michigan Civil Rights Commission on the Charge filed with EEOC.

There was no evidence tendered of discrimination on the basis of either sex or of religion.

We find no continuing violation of plaintiff's rights in the present case. *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Olson v. Rembrandt Printing Co., supra.*

There was no jurisdiction of any cause of action asserted by plaintiff cognizable only in a diversity action since GM had its principal place of business in Michigan, and in any event all such claims were barred by Michigan's three year statute of limitations. The § 1981 and § 1982 causes of action were also barred by Michigan's three year statute of limitations. The allegations in respect to conspiracy were wholly conclusory.

We find no basis for tolling the statutes of limitation on alleged equitable grounds which were not adequately alleged or established. We find no conduct on the part of GM alleged which prevented plaintiff from asserting her rights. *Cf. Leake v. University of Cincinnati*, 605 F.2d 255, (6th Cir., 1979); *Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230 (6th Cir. 1974). The tolling of the statutory periods on equitable grounds is usually very much restricted. *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Smith v. American President*

*Lines*, 571 F.2d 102, 109 (2nd Cir. 1978); *Hays v. Republic Steel Corp.*, 531 F.2d 1307 (5th Cir. 1976).

The burden of proof in this case was on plaintiff to properly allege or establish her case under Title VII which she neglected to do, although she had ample opportunity to do so. The District Court, in our opinion, did not err in its various rulings and in its dismissal of the third amended complaint as its filing was time barred.

The judgment of the District Court is affirmed.

## APPENDIX A

---

### CHARGE OF DISCRIMINATION

\*    \*    \*    \*    \*    \*

1. Your Name: Sandra S. Geromette
   Phone Number: TA 6–1160
   Street Address: 629 Milwaukee, Apt. 407
   City: Detroit
   State: Michigan
   Zip Code: 48202

2. WAS THE DISCRIMINATION BECAUSE OF: (Please check one)
   Race or Color ☐    Religious Creed ☐
   National Origin ☐    Sex ☒

3. Who discriminated against you? Give the name and address of the employer, labor organization, employment agency and/or apprenticeship committee. If more than one, list all.
   Name: General Motors Corp.
   Street Address: 3044 W. Grand Blvd.
   City: Detroit
   State: Michigan
   Zip Code: 48202

   \*    \*    \*    \*    \*    \*

4. Have you filed this charge with a state or local government agency?
   Yes ☒ MCRC    When: March 11, 1972

5. If your charge is against a company or a union, how many employees or members?
   Under 25 ☐    Over 25 ☒

**1204**

6. The most recent date on which this discrimination took place: February 14, 1972.

7. Explain what unfair thing was done to you. How were other persons treated differently? * * *

I have been employed for the above-named company in their legal department since March 1965. I believe that I have been discriminated against, as a woman, in the following ways: 1. I was recalled to work under fraudulent, misleading conditions, after taking sick leave. 2. I was subject to harassment and emotional stress as a condition of employment. 3. I was denied the right to request transfer and to be transferred within my department. 4. I was discharged unfairly and have been denied rehiring rights due to false and slanderous documents which have been placed in my personnel records at the company. I am certain that men within the corporation are not treated in this manner. Because of this, I believe that the above-named employer has violated Title VII of the 1964 Civil Rights Act in discriminating against me because I am female.

8. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

Date: 3/16/72

/s/ SANDRA S. GEROMETTE

Subscribed and sworn to before me this 16th day of March, 1972

/s/ YVONNE E. JIGA

Equal Employment Officer