Marilyn EVANS and Carl Evans, Plaintiffs,

v.

Glenn LITTLE BIRD, Greg Gilham, and Carl Pepion, individually and as Bureau of Indian Affairs Police Officers, and as City of Browning Police Officers; James Arnoux, individually and as Blackfeet Prosecutor and as City of Browning Prosecutor; Don Sollars, individually and as Blackfeet Judge and as City of Browning Magistrate; City of Browning, Montana, a municipal corporation; Michael Fairbanks, individually and as Superintendent of Blackfeet Agency; Dan Harwood, individually as Administrative Officer of Blackfeet Agency; Blackfeet Tribe of Indians; Joe McKay, individually and as Blackfeet Tribal Council Member; Philip Roy, individually and as Blackfeet Tribal Attorney; Richard Evans, a Blackfeet tribal member; and Leonard Mountain Chief, individually and as Blackfeet Tribal Council Member, Defendants.

No. CV–84–270–GF.

United States District Court, D. Montana, Great Falls Division.

March 5, 1987.

James Arnoux, City of Browning Magistrate, Browning, Mont., George Darragh, Asst. U.S. Atty., Great Falls, Mont., for BIA Police Officers.

Ross W. Cannon, Cannon & Sheehy, Helena, Mont., for defendant City of Browning.

HATFIELD, District Judge.

The plaintiffs, Marilyn Evans and Carl Evans, are non-Indians residing in Browning, Montana, located within the exterior boundaries of the Blackfeet Indian Reservation. The Evans bring this action to obtain declaratory relief and monetary compensation for damages emanating from the named defendants' alleged deprivation of the rights secured the Evans by the Constitution and laws of the United States. Named as defendants are the Blackfeet Tribe of Indians (the "Tribe"); certain officials and agents of the Tribe in their individual capacities; the United States of America acting through the Bureau of Indian Affairs ("BIA"); certain officers and agents of the BIA in their individual capacities;[1] the City of Browning, Montana; and certain officials and agents of the City of Browning.

This matter is before the court on motion of the defendants. The Tribe and the individual officials and agents of that entity (hereinafter "tribal defendants") seek dismissal of the action upon grounds of sovereign immunity. The United States and the individual federal defendants move to dismiss the complaint upon the ground it fails to state a claim upon which relief can be granted. The City of Browning and the individual officials and agents of that entity also seek dismissal of the complaint upon the ground it fails to state a claim against them upon which relief can be granted.

## I. DISCUSSION

### A. *Monetary Relief*

This action has its genesis in the arrests of the Evans, on two separate occasions, by

Marilyn Evans, pro se.

Vance Gillette, Browning, Mont., Andrew M. Small, Billings, Mont., for plaintiffs.

Richard Evans, pro se.

Don Kittson, Blackfeet Legal Dept., Browning, Mont.

Joe McKay, Blackfeet Tribal Council Member, Blackfeet Tribe, Phillip Roy, Blackfeet Legal Dept., Browning, Mont., for Tribal defendents.

---

1. The Evans do not name the United States of America as a defendant, but by naming its officers and agents in their official capacities, the Evans bring suit against the United States.

law enforcement personnel of the Tribe. The Evans contend their arrests were accomplished without probable cause, in violation of the fourth and fourteenth amendments to the United States Constitution. The Evans also assert that the Tribe and the individually named officials and agents of that entity have conspired to deprive the Evans of their constitutional rights by instituting and propagating a boycott of the Evans' business, a service station. A boycott, the Evans submit, was predicated upon racial animus.

The Evans seek monetary damages against the tribal defendants pursuant to 42 U.S.C. §§ 1981, 1983 and 1985(2) and (3). In the alternative, the Evans seek monetary relief against the individual tribal defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). With respect to the City of Browning and that entity's officials and agents (hereinafter "state defendants"), the Evans seek monetary relief pursuant to 42 U.S.C. § 1983. Finally, the Evans invoke the *Bivens* doctrine to recover monetary relief against the individually named officials and agents of the BIA (hereinafter "federal defendants").

The court undertakes a separate analysis of the propriety of the Evans' claims for monetary relief against each of these groups of defendants.

### 1. *Fourth Amendment Claims*

#### a. *Blackfeet Tribe*

■ The Evans' suit against the Tribe is barred by the doctrine of sovereign immunity. The common law immunity of the Tribe is coextensive with that of the United States and similarly subject to the plenary control of Congress. *Santa Clara Pueblo*

*v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1676, 56 L.Ed.2d 106 (1978); *Puyallup Tribe v. Dept. of Game of Washington,* 433 U.S. 165, 173, 97 S.Ct. 2616, 2621, 53 L.Ed.2d 667 (1977); *Kennerly v. United States,* 721 F.2d 1252, 1258 (9th Cir.1983). Since there has been no express waiver or consent by the Tribe to a suit of this nature, nor any congressional authorization for such a suit against the Tribe, this court is without jurisdiction to entertain the claims advanced against the Tribe. *See, Santa Clara Pueblo v. Martinez, supra; Kennerly v. United States, supra.*

#### b. *Individual Tribal Officials and Agents*

■ The court is cognizant of the fact that the officials and agents of the Tribe do not have the same immunity as the Tribe itself. *See, Kennerly v. United States, supra,* 721 F.2d at 1259 (citing *Santa Clara Pueblo,* 436 U.S. at 59, 98 S.Ct. at 1677).[2] Consistent with its opinion in *Kennerly v. United States,* 534 F.Supp. 269 (D.Mont.), *rev'd. in part on other grounds,* 721 F.2d 1252 (9th Cir.1983), however, the court concludes that the claims advanced by the Evans against the individual tribal defendants are beyond the jurisdiction of the federal courts. 534 F.Supp. at 277–78. Redress for an alleged deprivation of civil rights accomplished under color of tribal law must be sought in the appropriate tribal court under the Indian Civil Rights Act. 25 U.S.C. §§ 1301–1303. *Id.* at 278. Relief is not available under either a 42 U.S.C. § 1983 state action analogy theory, or a *Bivens* doctrine theory. *Ibid.*[3]

The Evans name as defendants two members of the Blackfeet Tribal Council, *i.e.,* McKay and Mountain Chief; the tribal attorney, *i.e.,* Roy; the tribal game warden,

---

**2.** The individual tribal defendants are, however, entitled to claim the same qualified immunity accorded state and federal officials in section 1983 and *Bivens* actions; they are immune insofar as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kennerly, supra,* 721 F.2d at 1259 (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

**3.** Redress under the ICRA for violation of the rights secured thereby is available to Indians and non-Indian persons alike. The conduct of the tribal officers and agents upon which the Evans' claims of improper seizure and arrest are predicated, was conduct taken in the performance of the individuals' official duties. The Evans' remedy against the individual officials lies in enforcement of the ICRA in Tribal Court.

*i.e.*, Cobell; and three law enforcement officers of the Tribe, *i.e.*, Little Bird, Gilham and Pepion.[4] The allegations of the Evans' complaint, as amended, establish that these individual tribal defendants were, at all times pertinent to this action, acting within their official capacities and under authority of tribal law. The seizure and arrests of which the Evans complain, by the Evans' own admission, were accomplished pursuant to order of the Tribal Court. Any claim for relief emanating from the conduct of these individuals must be prosecuted in the Blackfeet Tribal Court under authority of the ICRA.

#### c. *Federal and State Defendants*

As previously noted, the Evans name the defendant law enforcement officers individually and as agents of the BIA, the Tribe, and the City of Browning. The parties do not dispute that the individually named law enforcement officers operate in a "triple" capacity. Yet, after having had three opportunities to amend their complaint and elucidate the basis upon which they predicate a claim against the individual officers under either section 1983 or the *Bivens* doctrine and, hence, against the City of Browning and the United States, the Evans fail to plead a claim cognizable under section 1983 or the *Bivens* doctrine.

In section 1 of their third amended complaint, the Evans assert the "seizure and arrests" at issue were based on Tribal Court order. Again in section 16, the amended complaint refers to the subject arrests, *i.e.*, October, 1984, being effectuated pursuant to Tribal Court order. Finally, in section 18, the amended complaint specifically states the line officers detained the Evans on August 22, 1985, pursuant to Tribal Court order. Consequently, the Ev-

ans' redress would lie under the ICRA, not section 1983 or the *Bivens* doctrine.

■ The Evans do not point to any inherent illegality in the "triple capacity" occupied by the individually named officers. The mere fact these individuals may wear a different "hat" in the performance of their duties is not, in itself, sufficient to invoke section 1983 or the *Bivens* doctrine to impose liability upon these individual officers, or the United States and the City of Browning via the doctrine of *respondeat superior*.[5] The arrest and detention for which the Evans seek redress are attributable to action taken by the Tribe, its officers and agents. The Evans state no claim against the United States, the City of Browning or any officers of those entities for those incidents.

#### 2. *Conspiracy*

Invoking relief under 42 U.S.C. §§ 1981, 1983 and 1985 subsections (2) and (3), the Evans allege the tribal defendants and defendant Richard Evans conspired with City of Browning police to "arrest and boycott against white plaintiffs" in an effort "to drive plaintiffs out of business, run them off the Reservation, and violate their civil rights." The overt acts in furtherance of the alleged conspiracy set forth by the Evans consists of an "order" by defendant Mountain Chief (a member of the Tribal Council) directing defendant Cobell and "others" not to do business with Marilyn Evans. A similar allegation is made against defendants Harwood, Fairbanks and Little Bird with respect to their alleged directive to BIA personnel not to purchase gasoline from Marilyn Evans.

The court is compelled to agree with the defendants that these allegations are insufficient to state a claim of conspiracy for

---

**4.** The defendants Little Bird, Gilham and Pepion operate in a "triple" capacity as law enforcement officers of the BIA, the Tribe, and the City of Browning. The Evans do not dispute that at the time of the seizure and arrest at issue these individuals were acting pursuant to order of the Tribal Court. Consequently, the court concludes these individuals must be considered as acting under color of tribal law at the time pertinent to this action.

**5.** The United States would be immune, in any event, since it has not waived the sovereign immunity with respect to the constitutional torts of its officials or employees. *See, Bivens v. U.S., supra,* 403 U.S. at 410, 91 S.Ct. at 2011 (Harlan, J., concurring); *Clemente v. United States,* 766 F.2d 1358, 1363–64 (9th Cir.1985).

which relief can be granted under either section 1981, section 1983 or section 1985.

■ Pleading a conspiracy demands specific allegations. While a plaintiff is not required to plead his/her evidence, general conclusionary allegations as to the existence of a conspiracy, unsupported by facts, will not suffice. *See, Geromette v. General Motors Corp.,* 609 F.2d 1200 (6th Cir. 1979), *cert. denied,* 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841, *reh. denied,* 448 U.S. 912, 101 S.Ct. 29, 65 L.Ed.2d 1174 (1980); *Slotnick v. Garfinkle,* 632 F.2d 163 (1st Cir.1980); *Henzel v. Gerstein,* 608 F.2d 654 (5th Cir.1979). The Evans' pleadings contain nothing more than bare allegations of a conspiracy. The Evans fail to allege facts to show the existence of a conspiracy designed to deprive the Evans equal protection, privilege or immunity under the law because of their race.

Having afforded the Evans three opportunities to amend their complaint to sufficiently plead a claim of conspiracy, the court deems it appropriate to dismiss this claim without leave to amend.

### B. *Declaratory Relief*

■ Indian tribes enjoy sovereign immunity from suit similar to that of the United States. *See, Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *United States v. United States Fidelity & Guaranty Co.,* 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940). While Congress is vested with authority to waive the Tribe's sovereign immunity, any waiver must be clearly expressed. *Santa Clara Pueblo, supra,* 436 U.S. at 58, 98 S.Ct. at 1676.

By way of their claim for declaratory relief, the Evans request the court to declare that section 102(c) of Title I of the Indian Self-Determination Act of 1975 ("ISDA"), 25 U.S.C. § 450f(c), served to waive the sovereign immunity of the various Indian tribes for suits for damages to persons or property arising from Tribal

Court orders. The Evans seek to have the court declare that the Tribe is liable for damages suffered by the Evans as a result of the Tribal Court orders at issue.[6]

■ The ISDA permits the various Indian tribes, *inter alia,* to contract with the Secretary of Interior to furnish services formerly performed by the federal government. 25 U.S.C. § 450f. The Blackfeet Tribal Court is apparently operated pursuant to a contract entered under authority of section 102 of the ISDA. The Tribe does not contend otherwise. Section 102(c) of the ISDA vests the Secretary of Interior with discretion to require any tribe requesting a contract pursuant to section 102 to obtain adequate liability. Subsection (c) states:

> ... The Secretary is authorized to require any tribe requesting that he enter into a contract pursuant to the provisions of this title to obtain adequate liability insurance: Provided, however, That each such policy of insurance shall contain a provision that the insurance carrier shall waive any right it may have to raise as a defense the tribe's sovereign immunity from suit, but that such waiver shall extend only to claims the amount and nature of which are within the coverage and limits of the policy and shall not authorize or empower such insurance carrier to waive or otherwise limit the tribe's sovereign immunity outside or beyond the coverage and limits of the policy of insurance.

The terms of subsection (c) are explicit. A tribe may be required to obtain a liability insurance policy to cover any damages emanating by the tribe's performance of its duties under a contract authorized by the Secretary under section 102. The caveat of subsection (c) requires that any such liability policy shall expressly preclude the insurer from defeating a claim covered by the policy by an invocation of the tribe's sovereign immunity. The waiver of immunity contemplated by the express language of

---

**6.** The Evans also request the court to declare the arrests which spawned this litigation were illegal as violative of the fourth amendment to the United States Constitution. As the first part of the present memorandum evinces, however, that issue is not properly before the court. Consequently, the court declines to posit any opinion regarding the legality of those arrests.

section 102(c) cannot be equated with a congressional waiver of a tribe's immunity from suit in federal court. It is the latter waiver of immunity that is of pertinence to this litigation. This court is simply without jurisdiction to entertain the Evans' claims against the Tribe. The declaratory relief requested by the Evans raises issues not properly brought before this court. Accordingly, the court declines to entertain the same.

For the reasons set forth herein,

IT IS HEREBY ORDERED that the motions of the various defendants requesting the court to dismiss the present action as against them are GRANTED and this action DISMISSED in its entirety.

The Clerk is directed to enter JUDGMENT accordingly.