845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael T. HARDIN, Plaintiff-Appellant,
v.
AT & T INFORMATION SYSTEMS, INC., Defendant-Appellee.
 No. 87-5284.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1988.
 
 Before RYAN, Circuit Judge and JOHN W. PECK and BAILEY BROWN, Senior Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-appellant, Michael Hardin, appeals the denial of his claim against defendant, AT & T Information Systems, Inc., pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, for breach of a collective bargaining agreement. The district court dismissed the complaint as barred by the statute of limitations. We affirm.
 
 
 2
 Appellant's claim stems from his discharge from employment with appellee on November 4, 1985. Appellant was employed at AT & T's Louisville, Kentucky operation. Due to a reduction in work force, he was offered a transfer to Columbus, Ohio, which he accepted, while his wife, who was also an AT & T employee, was offered a position in Atlanta, Georgia, which she accepted. Appellant alleges that he was told by AT & T officials to obtain a release from the Ohio position, at which time he would be able to transfer to Atlanta. He claims to have received a release from the Ohio position and while awaiting "his transfer papers to report to Atlanta" was terminated for not reporting to work in Ohio.
 
 
 3
 Appellant began grievance proceedings through the union representing AT & T employees at Louisville. On March 6, 1986, he received notice from the union that his grievance was rejected. Appellant then, allegedly on the advice of the union, sought relief from the United States Department of Labor. After unfavorable review of his claim by the Department of Labor, appellant filed the present claim on November 3, 1986.
 
 
 4
 The six-month statute of limitations of Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), is applicable to a claim made pursuant to Sec. 301, 29 U.S.C. Sec. 185. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983). For purposes of the statute of limitations the time begins to run when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Adkins v. Int'l Union of Elec., Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir.1985). In this case, time began to run on March 6, 1986, the date appellant received notice that his grievance had been rejected. See Metz v. Tootsie Roll Indus., Inc., 715 F.2d 299, 303 (7th Cir.1983). Because appellant failed to file this suit until November 3, 1986, almost eight months after the statute of limitations period began, the claim is barred.
 
 
 5
 Appellant argues that equitable tolling should apply in this case because of representations made by the union and the Department of Labor. Any such representations were not made by appellee, however, and therefore cannot be a basis for equitable tolling as against it. See Geromete v. General Motors Corp., 609 F.2d 1200, 1203 (6th Cir.1979).
 
 
 6
 For the above stated reasons, the judgment of the district court is AFFIRMED.