869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mitchell Andrew GRISSON, (88-5882) Eddie Bryan Woods,
(88-5906) Plaintiffs- Appellants,
v.
HENDERSON COUNTY, TENNESSEE; Harold Hopper, Individually
and in his official capacity as County Executive of
Henderson County; Jack Fowler, Individually and in his
official capacity as Sheriff of Henderson County; Bobby
Ayers, Individually and in his official Capacity as Ex-Chief
Deputy and current Sheriff of Henderson County, Tennessee,
Defendants-Appellees.
 Nos. 88-5882, 88-5906.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 1
 Before BOYCE F. MARTIN Jr. and RYAN, Circuit Judges, and JOHN W. POTTER, District Judge.*
 
 ORDER
 
 2
 These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mitchell Andrew Grissom and Eddie Bryan Woods appeal the summary judgments for defendants in these civil rights actions filed under 42 U.S.C. Sec. 1983 with pendent state claims. They sued Henderson County, Tennessee, the County Executive, the former Sheriff of Henderson County, and the former Chief Deputy Sheriff, alleging that they were sexually abused by the former Sheriff while they were incarcerated in the Henderson County Jail. The district court concluded that the complaints were barred by the applicable statute of limitations and granted summary judgment for defendants.
 
 
 4
 Upon consideration, we conclude that summary judgment was proper. Plaintiffs' civil rights claims must be filed within the one-year period provided in Tenn.Code Ann. Sec. 28-3-104(a). See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). The pendent state claims fall within the same period. See Pera v. Kroger Co., 674 S.W.2d 715, 719 (Tenn.1984). Plaintiffs' claims accrued no later than October 7, 1986, and November 24, 1986, the dates of their respective transfers from the Henderson County Jail. Thus, plaintiffs' claims are barred because they did not file their complaints until April 19, 1988.
 
 
 5
 Further, plaintiffs did not adequately allege or establish a basis for tolling the statutory period on equitable grounds. See Geromette v. General Motors, Corp., 609 F.2d 1200, 1203 (6th Cir.1979), cert. denied, 446 U.S. 985 (1980). Although plaintiffs alleged that they feared retribution if they filed suit, they admitted that they were transferred from the Henderson County Jail by federal agents for their protection on October 7, 1986, and November 24, 1986, respectively. Plaintiffs failed to show that a "paramount authority" prevented them from filing suit. See Davis v. Wilson, 349 F.Supp. 905, 906-907 (E.D.Tenn.), aff'd, 471 F.2d 653 (6th Cir.1972). The alleged instructions to plaintiffs by federal agents not to file suit is not conduct attributable to defendants for purposes of equitable tolling. See Geromette, 609 F.2d at 1203.
 
 
 6
 Finally, plaintiffs' contention that the district court was biased is not cognizable. Neither plaintiff filed a motion for disqualification under 28 U.S.C. Sec. 144 or Sec. 455, nor do plaintiffs contend that the alleged grounds for disqualification were previously unknown. Therefore, this claim is not now cognizable. See In re City of Detroit, 828 F.2d 1160, 1167 (6th Cir.1987) (per curiam).
 
 
 7
 Accordingly, the judgments of the district court are affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation