869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Junior JENNINGS, Plaintiff-Appellant,
v.
Herman C. DAVIS, Warden; Jones, Assistant Warden; Toilet,
Corporal; Morgan County Prison Guards; Brushy
Mountain Prison Guards; Bledsoe County
Prison Guards, Defendants-Appellees.
 No. 88-5962.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Jennings appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Jennings filed this action on July 29, 1988, claiming that the defendants, guards at Brushy Mountain prison and Bledsoe County and Morgan County jails, subjected him to cruel and unusual punishment for several days in April 1987. The district court dismissed the action as untimely over Jenning's objection that the running of the limitations period was equitably tolled because he was denied access to the courts.
 
 
 3
 Upon consideration, we conclude that the running of the limitations period was not equitably tolled because the alleged wrongful conduct, Jennings' denial of access to the courts was committed by a third party rather than by the defendants. See Geromette v. General Motors, Corp. 609 F.2d 1200, 1203 (6th Cir.1979).
 
 
 4
 We also conclude that the district court's judgment should be affirmed. The instant suit is governed by a one-year statute of limitations period. See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). It therefore should have been filed within one year from the date the cause of action accrued in April of 1987. See Hicks v. Hines, Inc. 826 F.2d 1543, 1544 (6th Cir.1987). The suit was not filed until July 29, 1988, more than one year later. It was therefore filed late as Jennings' imprisonment did not serve as a disability to toll the running of the one year period. See Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.