875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. ALLEN, Plaintiff-Appellant,
v.
Herbert O. KEMP; Donald Barton; William St. John; Raymond
Leathers; Thomas H. Shriver; John J. Hollins; Robert S.
Brandt; Joe Casey; Tom Cathey; G.L. Lilley; James A.
Byrd; Thomas Smith; Charles Campbell; Joel Goodwin;
Edward Beach; Sandra McMurtry; Nancy S. Vandiver; W.A.
McDaniel, Defendants-Appellees.
 No. 88-6287.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 William G. Allen, a pro se Tennessee state prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985(3). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1968, Allen was charged with the shooting deaths of two Nashville police officers. The trials for the two officers were severed, and on December 12, 1968, Allen was convicted of first degree murder and was sentenced to ninety-nine years imprisonment. His conviction was affirmed by the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court denied discretionary review. In 1988, seeking monetary relief, Allen sued these eighteen defendants (twelve police officers, three prosecutors, a judge and two private citizens) alleging that because of racial prejudice they conspired to railroad him into the murder conviction. Specifically, Allen alleged that the defendants intimidated witnesses, manufactured evidence and used perjured testimony at his trial in order to procure his conviction. The magistrate recommended the suit be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding the complaint time-barred by Tennessee's one year statute of limitations. The district court adopted the magistrate's recommendation in its entirety over Allen's timely objections.
 
 
 3
 Upon review, we affirm the district court's judgment. In Tennessee, the one year statute of limitations contained in Tenn.Code Ann. Sec. 28-3-104(a) applies to civil rights actions. See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986); Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam). Federal law determines when the cause of action accrues. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). In this case, Allen's cause of action accrued on December 12, 1968, the date the jury returned its guilty verdict for first degree murder. At that time, Allen should have known of both his injury, the murder conviction, and its alleged cause, i.e., the alleged conspiratorial acts of the defendants. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Thus, Allen's suit was clearly time-barred as the complaint was not filed until February 8, 1988, over nineteen years after his cause of action accrued. Even if we give Allen the benefit of every doubt, his cause of action accrued no later than November 2, 1970, the date the Tennessee Supreme Court denied discretionary review. At this point, Allen should definitely have known that his murder conviction, which he alleged was wrongfully procured by the defendants, would not be overturned on direct appeal. Thus, the complaint would still be time-barred even utilizing this latter date.
 
 
 4
 Nor has Allen raised an adequate ground to support equitable tolling in this case. Allen argued that his claim did not accrue until February 17, 1987, when a superseding indictment was returned charging him with the murder of the second police officer (the delay being caused by Allen's escape from 1974 to 1986). Allen alleged that he was not fully aware of the extent of his injury until he received discovery materials for the second murder prosecution. These reasons do not justify tolling as Allen has not shown that the defendants prevented him from asserting his rights. See Geromette v. General Motors Corp., 609 F.2d 1200, 1203 (6th Cir.1979), cert. denied, 446 U.S. 985 (1980). Nor has Allen made out a claim for fraudulent concealment as he has not shown that he exercised due diligence over the past nineteen years in ascertaining the true facts. See Pinney Dock & Transport Co., v. Penn Central Corp., 838 F.2d 1445, 1465 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.