## WILLIAM VASON *v.* SALVATORE CARRANO ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 130863
AT NEW HAVEN

Memorandum filed July 17, 1974

*Leander C. Gray,* of New Haven, for the plaintiff.

*Gormley & Gormley,* of New Haven, for the defendant.

TESTO, J.   All the defendants have demurred to the first, second and third counts on the ground that the federal courts have exclusive jurisdiction over causes of action arising under the federal Civil Rights Act.   42 U.S.C. §§ 1981 to 2000h-6 (1970). The court finds that this demurrer must be overruled because "state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and the laws of the United States . . . and actions brought under [42 U.S.C.] §§ 1983 and 1985 are no exception to the general rule." *Luker* v. *Nelson,* 341 F. Sup. 111, 116; see also *Long* v. *District of Columbia,* 469 F.2d 927; *New Times, Inc.* v. *Arizona Board of Regents,* 20 Ariz. App. 422; *Clark* v. *Bond Stores, Inc.,* 41 App. Div. 2d 620 (N.Y.); *Lakewood Homes, Inc.* v. *Board of Adjustment,* 23 Ohio Misc. 211.

The defendant city of West Haven has also demurred to the first, second and third counts on the ground that municipalities are immune from

suit for their employees' alleged civil rights violations. The court agrees and finds that the city of West Haven is not subject to suit under the federal Civil Rights Act. *Monroe* v. *Pape,* 365 U.S. 167, 187; *Spampinato* v. *City of New York,* 311 F.2d 439, 440.

The defendant Joseph W. Harvey has demurred to the third count on the additional ground that "the Chief of Police, in a supervisory capacity, is not responsible for the actions of individual officers." The court finds that the plaintiff does have a cause of action against the chief of police for the alleged violations of his civil rights. *Carter* v. *Carlson,* 447 F.2d 358.

All defendants have demurred to the fourth count on the ground that notice was defective. The plaintiff filed a "Notice of Claim," which defendants contend was insufficient to fulfil the statutory requirement of a notice of intent to sue. The court finds that a "Notice of Claim" is by all reason, logic, and common sense and for all intents and purposes the semantic equivalent of a "Notice of intent to sue."

The demurrer by all defendants to the first, second and third counts is overruled; the demurrer by the city of West Haven to the first, second and third counts is sustained; the demurrer by the defendant Harvey to the third count is overruled; the demurrer by all defendants to the fourth count is overruled.