**James L. DUNLAP,**

v.

**SEARS, ROEBUCK AND CO.**

**Civ. A. No. 78–1942.**

United States District Court,
E. D. Pennsylvania.

Aug. 16, 1979.

Andrew Erba, Community Legal Services, Philadelphia, Pa., for plaintiff.

Joseph Kehoe, St. Davids, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This action is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and 42 U.S.C. § 1981. Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1343 and 2201.

Presently before me is defendant's motion for summary judgment on the ground that plaintiff's complaint was filed after the Title VII, 90 day right-to-sue period had expired. The issue to be decided in the context of the present motion is whether that 90 day limit is subject to equitable tolling. Since I conclude it is not, the Title VII portion of the complaint must be dismissed for lack of subject matter jurisdiction.

Plaintiff, James L. Dunlap was employed by defendant, Sears, Roebuck and Co. (Sears), for over 32 continuous years at the time of his discharge on January 21 or 22, 1975. Dunlap filed a race discrimination charge with the Equal Employment Opportunity Commission (EEOC) on January 27, 1975. Upon failure of conciliation, the EEOC sent to Dunlap a Notice of Right to Sue, which he received on March 8, 1978.[1] Dunlap, through his former counsel, filed his complaint with the Clerk of the Court 93 days later on June 9, 1978.[2]

Defendant's motion for summary judgment is an inappropriate method for challenging the court's subject matter jurisdiction. *Solomon v. Solomon*, 516 F.2d 1018, 1027 (3d Cir. 1975); 5 *Wright & Miller, Federal Practice and Procedure: Civil* § 1350 at 547. Therefore, pursuant to Fed. R.Civ.P. 12(h)(3), I am treating this motion as a suggestion that the court lacks jurisdiction of the subject matter. See *Grynberg v. B. B. L. Associates*, 436 F.Supp. 564 (D.Colo. 1977); *Martorano v. Hertz Corp.*, 415 F.Supp. 295 (E.D.Pa.1976).

Plaintiff's 42 U.S.C. § 1981 claim has not been challenged by the defendant. Such claim remains before the court and is not prejudiced by the dismissal of the Title VII claim. *Johnson v. Railway Express Co.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Geronymo v. Joseph Horne Co.*, 440 F.Supp. 1157 (W.D.Pa.1977).

The issue of whether the Title VII right-to-sue period is subject to equitable tolling[3] does not appear to have been decided by the United States Court of Appeals for the Third Circuit. The majority of courts of appeals which have decided this issue have held that bringing an action[4]

---

1. Although plaintiff's complaint alleged that he received the Notice of Right to Sue on April 12, 1978, I have determined that the actual date upon which plaintiff received his Notice was March 8, 1978.

   The rule in this Circuit is that I may consider affidavits outside of the pleadings when deciding whether the court has subject matter jurisdiction. *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977).

   > [T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

   In determining that the Notice was actually received by the plaintiff on March 8, 1978, I have relied on the following information gathered from the pleadings, briefs, and affidavits submitted by the parties: (1) the date on the Notice is March 6, 1978; (2) the statement of affiant Lonnie Crawford, EEOC regional counsel, that the Notice was sent by certified mail, No. 275489; (3) the plaintiff's signature dated "3–8–78," on certified mail receipt, No. 275489, submitted to the court by affiant Richard Clark, U.S. Postal Service mail classification manager; (4) the fact that plaintiff's former counsel was already preparing plaintiff's suit on March 16, 1978, evidenced by the affidavit of Rick Haley, an employee of plaintiff's former counsel, who investigated plaintiff's EEOC file on that date; and (5) the fact that plaintiff's counsel acknowledges in his Motion in Opposition to Defendant's Motion to Dismiss (p. 5), that "the complaint was filed on the 93rd day after service of the RIGHT TO SUE LETTER."

2. For the purpose of computing the 90 day right-to-sue period under Title VII, the first day is omitted and the last day is counted. *Prophet v. Armco Steel, Inc.*, 575 F.2d 579 (5th Cir. 1978); *Geronymo v. Joseph Horne Co.*, 440 F.Supp. 1157 (W.D.Pa.1977).

3. Equitable tolling of a statute of limitations removes its bar of an action. As a general rule, when one party, justifiably relying upon the acts, promises, or representations of the other, refrains from commencing an action within the limitation period, the other party will be estopped to assert the statute of limitations. See generally Annot. 130 A.L.R. 8 (1941); Annot. 24 A.L.R.2d 1413 (1952). This doctrine has been extended to also include the situation where the aggrieved party fails to file his charge within the time limit in reliance upon the acts or omissions of the administrative agency to which the discrimination charge is brought. *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260 (10th Cir. 1976).

4. Although not present in this case, filing of the right-to-sue notice or a request for appointment of counsel with the court clerk within the 90 day period has been held by some courts to constitute "bringing an action" under Title VII. *Huston v. General Motors Corp.*, 477 F.2d 1003 (8th Cir. 1973); *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972).

within the 90 day right-to-sue period is a jurisdictional prerequisite and that the period is not subject to equitable modification. *Prophet v. Armco Steel, Inc.*, 575 F.2d 579 (5th Cir. 1978) (93rd day); *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 585 F.2d 210 (7th Cir. 1978) (91st day); *Wong v. Bon Marche*, 508 F.2d 1249 (9th Cir. 1975) (91st day); *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973); *Goodman v. City Products Corp., Ben Franklin Division*, 425 F.2d 702 (6th Cir. 1970) (31st day under former 30 day right-to-sue period). I adopt this majority position.

The language of Title VII requires that "within ninety days after the giving of such notice [of right-to-sue] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved." 42 U.S.C. § 2000e–5(f)(1). The period in which the action may be brought is stated clearly in the statute. There is nothing "either in the plain language of the statute or in its legislative history which would indicate that the time limitation may be forgiven or extended [even] if the complainant has acted diligently." *Wong v. Bon Marche*, supra at 1250.

The plaintiff cites the recent decision of the United States Court of Appeals for the Third Circuit in *Hart v. J. T. Baker Chemical Co.*, 598 F.2d 829 (3d Cir. 1979), for the proposition that the Title VII right-to-sue period is subject to equitable tolling. However, that decision does not consider the right-to-sue period at all, but rather the 180 day period for originally filing a charge with the EEOC.

An aggrieved party must file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). This is the filing period considered in *Hart*. When the EEOC has been unable to secure a conciliation agreement and has not itself filed a civil action against the employer, the EEOC so notifies the aggrieved party, who within 90 days thereafter may file a civil suit under Title VII. 42 U.S.C. § 2000e–5(f)(1). This is the right-to-sue period considered in the instant case.

In *Hart*, the plaintiff contended that the period for filing an EEOC charge be tolled from the time of her discharge until the time she first became aware of the allegedly discriminatory basis for the dismissal. Although finding that the facts of that case did not warrant tolling of the filing requirements, the Third Circuit, adopting the rationale of *Bonham v. Dresser Industries, Inc.*,[5] 569 F.2d 187 (3d Cir. 1978), held that "the time limits for the filing of a charge are not jurisdictional but are rather subject to the principles of equitable tolling." *Hart v. J. T. Baker Chemical Co.*, supra, at 833.

The reasons stated by the Court of Appeals for holding the original filing requirement subject to equitable tolling have no application to the right-to-sue period. First, the 90 day requirement does not subject a person to the complexities of administrative procedure since that process is completed when a Notice of Right to Sue is mailed. Second, affirmative acts of a defendant, such as offers to conciliate, will not prevent a plaintiff from exercising his rights, because a Notice of Right to Sue is not issued until attempts at voluntary conciliation have failed. Additionally, the right-to-sue period does not involve the risk that a plaintiff will be unaware of his legal rights. Plaintiff is expressly informed of his rights and the time requirement in bold letters on the face of the Notice of Right to Sue.

■ Even if the 90 day right-to-sue period was not jurisdictional, the facts of the

---

5. The *Bonham* case involved the 180 day period for filing an age discrimination charge with the Department of Labor under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. The United States Court of Appeals for the Third Circuit held that filing requirement to be subject to equitable tolling. The rationale for that holding has been applied to Title VII in *Hart*.

instant case do not justify equitable tolling. I am not persuaded by plaintiff's argument that the limitation period should be tolled due to the failure of the EEOC to include the certified mail receipt in his file,[6] thus preventing his counsel from learning the date upon which he received the notice. Plaintiff could not have justifiably relied upon the absence of the return receipt from his EEOC file as the reason for his allegedly being unaware of the date he received the Notice of Right to Sue. To the contrary, Dunlap himself received the letter and contacted counsel within eight days thereafter. Even if Dunlap did not remember when he received it, the notice itself was dated March 6, 1978. Yet plaintiff has not suggested that the EEOC ever failed to respond to any inquiry as to the date Dunlap received the notice or the whereabouts of the return receipt. It was within plaintiff's power to remember or discover this information and, in his failure to do so, he cannot claim that his lack of awareness of such was due to the absence of the return receipt from the EEOC file. Equitable tolling, even if applicable, would not be appropriate in this case.

I conclude that the 90 day right-to-sue period is jurisdictional and that plaintiff's complaint was untimely filed. Therefore, I must dismiss plaintiff's Title VII claim for lack of subject matter jurisdiction.

---

**6.** The affidavit of Rick Haley, an employee of plaintiff's former counsel, states that when he inspected Dunlap's file at the EEOC office on March 16, 1978, it did not contain the certified mail receipt from the Notice of Right to Sue.