**Olga J. FOX, Plaintiff-Appellant,**

v.

**The EATON CORPORATION, Defendant-Appellee.**

No. 77–3374.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1979.

Decided Feb. 21, 1980.

James J. McGrath, Celebrezze, McGrath, Mauk & Westley, Cleveland, Ohio, for plaintiff-appellant.

Alan N. Hirth, John P. Palumbo, Eaton Corp., Gilda F. Spears, Cleveland, Ohio, for defendant-appellee.

Before CELEBREZZE, BAILEY BROWN and JONES, Circuit Judges.

BAILEY BROWN, Circuit Judge.

The appellant, Olga J. Fox (Fox), appeals from a judgment of the district court dismissing her Title VII action based on alleged sex discrimination. The district court held, on a motion to dismiss, that, since Fox had failed to commence this action in federal court within ninety days of receiving her right-to-sue letter, her action must be dismissed as untimely filed.

I

Fox was employed by the appellee, the Eaton Corporation (Eaton), from 1942 until 1972. On August 30, 1972, Fox was released from employment when the plant at which she was working was closed. In October, 1973, she brought an action in an Ohio state court claiming Eaton had breached the collective bargaining agreement. Fox alleged that Eaton had improperly computed her credited service in determining her eligibility for early retirement benefits.

Sometime in 1974, shortly before trial, Fox sought to amend her complaint to include a claim based on Title VII of the Civil Rights Act of 1964. The amendment alleged a claim of sex discrimination by alleging, *inter alia*, that she had not been given service credit for the time taken as maternity leave. The amendment was allowed when Fox received a right-to-sue letter in December, 1974.[1] Prior to trial the parties agreed to stipulate that Fox had a right to bring a Title VII action in the state court. Following a trial on the merits, the state court entered a judgment in favor of Eaton. That decision was affirmed by one of the Courts of Appeal of Ohio. On appeal to the Supreme Court of Ohio, that court *sua sponte* held that state courts lack jurisdiction over Title VII actions. Accordingly, the Supreme Court of Ohio reversed the decision of the lower court and dismissed Fox's action for lack of jurisdiction. The Ohio Supreme Court decision was rendered on December 15, 1976. *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 358 N.E.2d 536 (1976).

On February 18, 1977, Fox filed this Title VII action in federal district court alleging essentially the same facts that had been the basis of her previous state court action.[2]

1. It is unclear from the record in this case not only when the alleged act of discrimination occurred but also when Fox filed her discrimination charge with the EEOC. The district judge took note of the fact that the complaint did not allege the filing of a charge with the EEOC or the date thereof, but did not dismiss the complaint on this basis. Accordingly, we cannot and do not determine whether the plaintiff filed a discrimination charge within 180 days of the alleged act of discrimination. That issue will have to be determined by the district court on remand.

2. If the ninety-day limitation was tolled during the pendency of the Title VII action in the state

Eaton filed a motion to dismiss claiming that Fox had not commenced the action within ninety days of receiving her right-to-sue letter as required by 42 U.S.C. § 2000e–5(f)(1). The district court, in granting Eaton's motion, concluded that the time periods established under Title VII were jurisdictional in nature and therefore could not be tolled. The district court implied that even if the time periods were subject to tolling, such tolling would not be proper under the circumstances of this case.

## II

Since the district court's decision, this court has held that the Title VII time periods "are jurisdictional in the sense that that phrase is used in relation to statutes of limitations and equitable principles should apply in circumstances which warrant their application." *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979).[3] *See also Hart v. J. T. Baker Chemical Corp.*, 589 F.2d 829 (3rd Cir. 1979); *Laffey v. Northwest Airlines, Inc.*, 185 U.S.App.D.C. 322, 368, 567 F.2d 429, 475 (D.C.Cir. 1976); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975).[4] The issue presented in this appeal is whether the facts of this case justify the application of equitable principles of tolling.

■ In *Leake v. University of Cincinnati*, *supra*, this court held that affirmative representations by the employer which cause the employee to delay in filing discrimination charges with the EEOC are sufficient to toll the applicable Title VII time period. Other courts which have considered whether the Title VII time period for filing an action may be tolled have indicated that

deception may toll this period. *See Cottrell v. Newspaper Agency Corporation*, 590 F.2d 836 (10th Cir. 1979); *Trader v. Fiat Distributors, Inc.*, 476 F.Supp. 1194 (D.Del.1979). *See also Geromette v. General Motors Corporation*, 609 F.2d 1200 (6th Cir. 1979), which deals with a late filing of a charge with the EEOC. Conduct by the *employer* which reasonably leads the employee to delay in pursuing his claim certainly presents the clearest and the most justifiable example of a situation in which Title VII time periods should be tolled. *See Smith v. American President Lines, Ltd.*, 571 F.2d 102, note 12 at 109 (2d Cir. 1978). But courts have not hesitated to at least consider and in some circumstances to apply equitable tolling principles in contexts in which the employer's conduct has not caused the employee to delay in pursuing his claim. *See Chappell v. Emco Machine Works Company*, 601 F.2d 1295 (5th Cir. 1979) (Title VII time periods not tolled when employee relied on statements of employee of state agency that complaint with EEOC had been filed for her, but see dissent at 1304); *Hart v. J. T. Baker Chemical Corp.*, *supra* (time periods not tolled when employee knew basic facts supporting discrimination charge at the time of her termination); *Smith v. American President Lines, Ltd.*, *supra*, (tolling of time periods not appropriate simply because employer failed to post, as required by statute, notice to employees of rights under Title VII); *Page v. U. S. Industries, Inc.*, 556 F.2d 346 (5th Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978) (Title VII time period for filing a civil complaint tolled on the basis of a misleading letter

courts, this Title VII action was timely filed in federal district court.

**3.** This decision in *Leake*, however, was clearly presaged by earlier decisions of this court which were cited and relied upon therein.

**4.** In each of these cases, the court held that equitable principles may warrant the tolling of the time period for filing a discrimination charge with the EEOC. We believe that the rationale of these cases is equally applicable to the time period for commencing a civil action. *Contra, Dunlap v. Sears, Roebuck & Co.*, 478

F.Supp. 610 (E.D.Pa.1979). *Dunlap* cites *Goodman v. City Products Corp.*, 425 F.2d 702 (6th Cir. 1970), as authority for the proposition that this time limitation cannot be tolled. Actually, *Goodman* only holds that the statutory language that the action "may" be filed in ninety days is mandatory and not directory but also recognizes the possibility of tolling under proper equitable circumstances. If anything, this time period is more in the nature of a statute of limitations than the time period for filing a discrimination charge.

written by the EEOC); *Reeb v. Economic Opportunity Atlanta, Inc., supra* (Title VII time period for filing a discrimination charge tolled until facts supporting discrimination were apparent or should have been apparent to employee). Without categorizing or defining the various circumstances which might warrant the tolling of the Title VII time periods, we conclude that such tolling is appropriate, even in the absence of any misleading conduct by the employer, when the employee files a timely Title VII action in a court and there exists a reasonable legal theory for invoking the jurisdiction of that court.[5]

The Supreme Court has in two contexts held statutes of limitations to be tolled during the pendency of an event or condition which satisfied the underlying purposes of the particular statute of limitations. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 475, 95 S.Ct. 1716, 1727, 44 L.Ed.2d 295 (1975) (Marshall, J., dissenting). Thus, the Court has held that when a plaintiff files an FELA action in a state court with proper jurisdiction and that action is subsequently dismissed for improper venue, the FELA statute of limitations is tolled during the pendency of the state action. *Burnett v. New York Central Railroad Company*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1968). In addition, the Court has held that the commencement of a class action tolls the applicable statute of limitations for every member of the alleged class at least until such time as the court decides the

class certification issue. *American Pipe & Construction Company v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). *See also United Airlines v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). In each of these cases, the underlying purpose of the particular statute of limitations was satisfied by the filing of the original action in that the defendant received timely notice of the statutory claim and the plaintiff displayed diligence in asserting his or her rights. In neither case was the defendant subjected to any unfairness.[6]

▮▮▮▮ This case is obviously distinct from either *Burnett or American Pipe* in that Fox's original state action was dismissed for lack of jurisdiction. We believe that, as a general matter, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations. But in this case, the lack of jurisdiction in the state court was far from clear. Those courts that have directly confronted this issue have reached conflicting conclusions.[7] *See Peterson v. Eastern Airlines*, 20 FEP Cases 1322 (W.D.Texas 1979); *Bennun v. Board of Governors*, 413 F.Supp. 1274 (D.N.J.1976); *Peper v. Princeton University Board of Trustees*, 77 N.J. 55, 389 A.2d 465 (1978); *Vason v. Carrano*, 31 Conn.Sup. 338, 330 A.2d 98 (1974) (holding state courts have concurrent jurisdiction). *See also Dickinson v. Chrysler Corp.*, 456 F.Supp. 43 (E.D.Mich.1978); *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 358 N.E.2d 536 (1976); *Lu-*

---

**5.** Fox contends that Eaton misled her by stipulating that the state court had jurisdiction. It is well established that two parties cannot create jurisdiction by stipulation. But more importantly, it is not alleged that Eaton made any misrepresentations which caused Fox to file her action in state court. That decision was her own. Accordingly, we cannot consider this case to be one involving misleading conduct by the employer.

**6.** In *Johnson v. Railway Express Agency, supra*, the Supreme Court held that the statute of limitations applicable to actions under 42 U.S.C. § 1981 was not tolled by the pendency of a Title VII proceeding. In *International Union of Electrical Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the

Court held that the Title VII time period was not tolled during the pendency of grievance proceedings. We believe that both *Johnson* and *Electrical Workers* are distinguishable from this case in that in those cases the defendant did not receive timely notice of the specific statutory claim that was subsequently asserted by the plaintiff.

**7.** We need not and therefore do not consider whether federal courts have exclusive jurisdiction over Title VII actions. We only note that the question is not an easy one, particularly given the absence of any language in the statute specifically excluding jurisdiction from the state courts. *See Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

*cas v. Tanner Bros. Contracting Corp.*, 10 FEP Cases 1104 (Arizona 1974) (holding federal courts have exclusive jurisdiction). At the time Fox filed her action in state court, there was no controlling decision, and particularly no decision by the Supreme Court of Ohio, that would indicate that federal courts have exclusive jurisdiction over Title VII actions. Given the absence of any such controlling decision and given the conflicting decisions reached by other courts, we do not believe that Fox should be prejudiced for having adopted the jurisdictional theory which the court ultimately decided not to accept.

The Court of Appeals for the District of Columbia recently reached a similar conclusion in an analogous situation. In *Bethel v. Jefferson*, 191 U.S.App.D.C. 108, 589 F.2d 631 (D.C.Cir. 1978), the D.C. Circuit considered for the first time whether employees of the District of Columbia were required to follow the procedures of the Civil Service Commission or the procedures of the EEOC. Even though the court determined that the particular plaintiffs in that case were required to file discrimination charges with the EEOC, it did not penalize them for having resorted to the Civil Service Commission.

> [S]urely it would be hypertechnical, if not downright unrealistic, to require nonlawyers to study the statute, its legislative history and its administrative interpretations and predict accurately which of two quite reasonable constructions of the unclear language a court will adopt.

191 U.S.App.D.C. at 119, 589 F.2d at 642. We believe that it would be equally unrealistic and equally inappropriate to force an employee even with the assistance of an attorney to predict which one of two rea-

sonable jurisdictional theories a court may adopt.

Accordingly, we hold that Fox's commencement of a Title VII action in state court was sufficient to toll the ninety day period within which she was required to commence a civil action. This result is consistent with the rationale of the Supreme Court in *Burnett v. New York Central Railroad Company, supra* and *American Pipe & Construction Company v. Utah, supra.* Certainly the purpose underlying the particular time period was satisfied.[8] Eaton was not confronted by a stale claim. Nor was it deprived of an opportunity to preserve the appropriate evidence. Throughout these proceedings, Fox has exercised great diligence, however unartfully, in pursuing her claim. Her only misfortune lay in the selection of an inappropriate forum. That selection, however, was not without a reasonable basis. Under these circumstances, we think the tolling of the ninety day time period is consistent not only with the specific purpose of that time period but also with the general remedial purposes of Title VII.

As has been pointed out herein, many of the decisions holding that the Title VII time periods are in the nature of statutes of limitations and therefore can be tolled (and particularly *Leake, supra* ), are of recent vintage and were not available at the time this action was dismissed. Moreover, the complaint herein was very unartfully drawn and supported at the time the motion to dismiss was presented. For these reasons, we can well understand why the district judge reached the conclusion that the action should be dismissed as time barred.

█ Our holding in this case is not a broad one. We only hold that the ninety

---

**8.** The general purposes of statutes of limitations were outlined by the Supreme Court in *Burnett v. New York Central Railroad Company, supra* 380 U.S. at 428, 85 S.Ct. at 1054:

Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has

a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–349 [, 64 S.Ct. 582, 586, 88 L.Ed. 788]. Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

day time limitation for filing a civil action is tolled by filing a civil action within ninety days in a state court which plaintiff reasonably believed possessed subject matter jurisdiction. Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings.

CELEBREZZE, Circuit Judge, dissenting.

With due deference to the views of the majority, I must respectfully dissent.

I adhere to the principles articulated by this court in *Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979), that "Title VII time limitations are jurisdictional in the sense that that phrase is used in relation to statutes of limitations and equitable principles should apply in circumstances which warrant their application." I disagree, however, with the majority view that the present case justifies the exercise of such equitable power and the tolling of the 90-day time period.

In my view, the factual context of *Leake, supra,* justifying the tolling of the time limitations is eminently distinguishable from the present case. In *Leake,* we held that affirmative representations by an employer which cause an employee to delay filing his discrimination charges with the EEOC are sufficient equitable considerations to justify a tolling of the time periods. In the present case, we have no such "foul play" on the employer's behalf which should preclude him from raising the time period defense.

It is well established that the tolling of statutory periods on equitable grounds is usually very much restricted. *International Union of Electrical Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Geromette v. General Motors Corp.,* 609 F.2d 1200 (6th Cir. 1979). In *Robbins & Myers,* the Supreme Court implied that tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, where plaintiff has in some extraordinary way been prevented from asserting his rights, or where the plaintiff has raised the precise statutory claim in issue in a court of

competent jurisdiction but has mistakenly done so in a state court without proper venue. *Id.* 429 U.S. at 237 n. 10, 97 S.Ct. at 447 n. 10 and accompanying text; *Chappel v. Emco Machine Works Co.,* 601 F.2d 1295, 1302–03 (5th Cir. 1979); *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir. 1978).

From my reading of the record, I cannot conclude that the present case falls within any of the above instances. As already stated above, and the majority agrees, there is no evidence that defendant-appellee engaged in any conduct which resulted in appellant's filing of her claim in state court. *See ante* n. 5, at 719. Additionally, the record is devoid of any evidence which would lead to the conclusion that appellant has in some extraordinary way been prevented from asserting her rights. *Burnett v. New York Central R. Co.,* 380 U.S. 424, 429, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965); *Osbourne v. United States,* 164 F.2d 767 (2d Cir. 1947). Nor has appellant filed her claim in a state court of competent jurisdiction which did not have proper venue over her claim. *Burnett, supra,* 380 U.S. at 426–36, 85 S.Ct. at 1053–58.

In *Burnett,* the Supreme Court was confronted with a tolling inquiry regarding the three-year statute of limitations under the Federal Employers' Liability Act (FELA). In *Burnett,* the court held that where a timely FELA action is begun in a state court *having jurisdiction,* the defendant is served with process, and the case is dismissed for improper venue, the FELA time limitation is tolled during the pendency of the state suit. Our case is distinguishable from *Burnett.* The court in *Burnett* was careful to limit its holding to those instances where the state court clearly had concurrent jurisdiction, a situation which does not exist in the present case. In light of the policy that equitable grounds justifying tolling should be very restricted, in my view *Burnett* should not be extended to cover the instant case.

Since I find no equitable basis for the tolling of the 90-day time period, I would affirm the judgment of the district court.