**Theodore N. CHRISTOPHER, Plaintiff,**

v.

**GENERAL MOTORS PARTS DIVISION
and Leo Drahein, Defendants.**

No. 81–40054.

United States District Court,
E. D. Michigan, S. D.

Oct. 27, 1981.

Theodore N. Christopher, in pro per.

Vincent Candiello, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

### I FACTS

This action arose out of the discharge of Theodore N. Christopher (hereinafter plaintiff) from a position of employment with General Motors Corporation (hereinafter GM). Plaintiff alleges that the discharge, which occurred on June 10, 1977, was a result of racial discrimination in violation of Title VII of the 1964 Civil Rights Act.

Plaintiff, proceeding without counsel, filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on June 15, 1977. Plaintiff also filed a complaint with the state civil rights agency— the Michigan Department of Civil Rights— on June 14, 1977. On December 14, 1977, the EEOC issued plaintiff a "right to sue" letter. There is evidence plaintiff has presented indicating that he consulted with an attorney on March 9, 1978 with respect to the discrimination claim and the "right to sue" letter. This consultation did not result in plaintiff retaining the lawyer or filing an action in federal court.

Plaintiff then asserts that from mid-March 1978 to March 1979, he discussed his discrimination complaint with GM and that GM led plaintiff to believe that plaintiff would be rehired. This assertion has not been supported by affidavits. Plaintiff also asserts that he was unaware that he could bring a suit without a lawyer in federal court. Finally, plaintiff points out that during the 1978–79 period, his marriage dissolved and that he changed his residence from Michigan to Indiana.

Plaintiff did not file the present action until March 11, 1981. On April 24, 1981, GM moved for summary judgment on two separate theories: First, GM argued that plaintiff's Complaint did not measure up to the pleading standards of Rule 8(a), Federal Rules of Civil Procedure; Second, GM as-

serted that plaintiff has not met the jurisdictional time filing required by Title VII. In response to this motion, this Court on May 7, 1981, issued an Order for plaintiff to amend his Complaint to adequately state the basis for jurisdiction and to respond to GM's Motion with law and proofs.

Plaintiff submitted the amended Complaint on June 4, 1981. On July 13, 1981, GM renewed its motion for summary judgment. The Court will now consider this motion. The Court points out that since the jurisdictional filing issue is dispositive of the motion, the renewed rule 8(a) issue will not be considered.

## II   LEGAL ANALYSIS

An important employment discrimination law issue invokes the nature of the Title VII statutory filing requirements. The language of Title VII indicates that a complaint must be filed within 180 days after the last act of discrimination.[1] Furthermore, if the Title VII plaintiff decides to proceed in federal court, the federal court action must be brought within 90 days after receipt of an EEOC "right to sue" letter.[2]

The language of the filing provisions is straightforward. Nevertheless, there is no real statutory indication of whether these provisions are strictly jurisdictional, or instead are subject to equitable tolling in the manner of statutes of limitations.

Although, on occasion, the Supreme Court has made isolated remarks that could be taken to indicate that the filing requirements are jurisdictional,[3] the Court has not yet squarely confronted this issue. Consequently, the law in this area has been shaped by the Courts of Appeals.

In the case of *Leake v. University of Cincinnati,*[4] the Sixth Circuit declared that the Title VII filing requirements were indeed subject to equitable tolling principles akin to statutes of limitations. Thus, in *Leake,* the 180-day filing requirement was tolled where an employer had deliberately led the discriminatee to believe that the Title VII time bar would not be utilized if the employer was given additional time to privately resolve the complaint.[5]

*Leake* was extended by the Sixth Circuit in the case of *Fox v. Eaton.*[6] In *Fox,* the plaintiff did not adhere to the 90-day limitation with respect to filing her federal court action. This was due to the fact that plaintiff reasonably believed that she would bring her Title VII action in state court. This belief was refuted by an Ohio Supreme Court decision holding that Title VII actions must be brought in federal court.

In a 2–1 decision, with Judge Brown writing the majority Opinion, the Court held that the holding was a narrow one; furthermore, the Opinion stressed that the plaintiff had demonstrated great diligence in pursuing her claim.[7] Judge Celebrezze's dissent did not question the validity of the tolling doctrine; nevertheless, in Judge Celebrezze's viewpoint the case at hand did not present an appropriate fact pattern to justify tolling the filing deadline.[8]

It is thus quite clear that the Sixth Circuit recognizes that the Title VII filing requirements are not strictly jurisdictional in nature. It is, however, also quite clear that extraordinary circumstances must be present to justify a modification of the filing requirement. Furthermore, the plaintiff must be diligent in pursuing his claim, both before and after the limitation period has run.

---

1.   42 U.S.C., § 2000e–5(f)(1).

2.   *See id.*

3.   *See e. g., United Air Lines v. Evans,* 431 U.S. 553, 555, n.4, 97 S.Ct. 1885, 1887, 52 L.Ed.2d 571 (1977); *Electrical Workers v. Robbins & Myers,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Alexander v. Gardner-Denver,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

4.   605 F.2d 255 (1979).

5.   *See id.,* at 259–60.

6.   615 F.2d 716 (1980).

7.   *See id.* at 721.

8.   *See id.*

In the instant case, plaintiff has made sweeping assertions, most of which are unsupported by affidavits. Under the law of summary judgment, this Court is certainly not required to accept these utterly unsupported statements as true for purposes of adjudicating the motion.[9] But even if this Court were to accept the whole of plaintiff's factual allegations, this Court would still be compelled to conclude that the instant case is not within the range of the Sixth Circuit's equitable tolling doctrine.

Plaintiff has, for example, asserted that for the twelve months following mid-March of 1978 he "had discussions with GM about dropping my discrimination suit ... and rehiring me." Assuming arguendo that this occurred, the tolling doctrine might well be appropriate as it was in *Leake*. This would have allowed plaintiff to file his federal court action up until mid-June of 1979. Yet plaintiff did not file his federal court action until March 11, 1981. Plaintiff's excuses for this hiatus are: (1) he wasn't aware that he could file in federal court without a lawyer; (2) he moved his residence from Michigan to Indiana; and (3) his marriage was dissolved.

This Court has sympathy for plaintiff's lack of legal knowledge about federal procedures. This Court cannot, however, place plaintiff's lack of filing knowledge in the same precedential sphere as the plaintiff in *Fox*. There, the plaintiff acted upon the reasonable belief that a state court Title VII action was possible. This belief was based on a conflict in the judicial decisions that have analyzed the Title VII state court jurisdiction issue—an issue that is still not definitely resolved. Here, plaintiff's misguided notion about his inability to file his own action could have been resolved by a phone call to the Clerk's office at the federal building. Indeed, if this Court were to use *Fox* as authority for tolling the limitation in the instant case, this Court would be in gross disregard of Judge Brown's warning that *Fox* was a narrow holding to be confined to its own distinct set of facts.[10]

Similarly, plaintiff's change of residence and marriage dissolution are not the kinds of circumstances that justify the tolling doctrine. Again, this Court is sensitive to plaintiff's situation. Nevertheless, the Court is bound to interpret Title VII in the light of the Sixth Circuit guidelines. And it is abundantly clear that a change of residence or a marriage dissolution cannot justify tolling the Title VII federal court filing requirements.

Thus, the Court must rule that plaintiff, as a matter of law, has not stated a Title VII filing requirement or, in the alternative, has not demonstrated that the equitable tolling exception is appropriate. Therefore, defendant's Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.

---

9. In fact, summary judgment is used to determine whether there is an absence of a genuine factual dispute. Typically, a party to a summary judgment motion is expected to support his statements with affidavits or the equivalent. *See generally*, 10 *Wright & Miller, Federal Practice and Procedure*, §§ 2711–2742.

10. *See* 615 F.2d 716, 721.