**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 96-10656
(Summary Calendar)

---

L.C. THOMAS,

Plaintiff-Appellant,

versus

JOHN E. RYAN, Deputy and Acting
Chief Executive Officer, FEDERAL
DEPOSIT INSURANCE CORPORATION,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
(3:95-CV-2692-BD)

---

January 15, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the magistrate judge's grant of summary judgment dismissing Plaintiff-Appellant L. C. Thomas's Title VII discrimination claim against Defendant-Appellee John E. Ryan, who was sued in his official capacity as Deputy and Acting Chief Executive Officer of the Resolution Trust Corporation (RTC). The

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

magistrate judge dismissed the claim because Thomas (1) failed to file his complaint within the ninety-day statutory filing period[1] and (2) failed to establish a factual basis to compel tolling the limitations statute on equitable grounds.

In 1993, Thomas, who is black, applied for the position of Field Ethics Specialist in the Dallas, Texas office of the RTC. After his application was rejected, Thomas filed a formal discrimination charge with the Equal Employment Opportunity office of the FDIC in which he alleged that the RTC had discriminated against him on the basis of race by rejecting his job application in favor of less-qualified white applicants. A hearing was held before an administrative law judge who found no evidence of discrimination and recommended that Thomas's claim be denied.

On July 13, 1995, the FDIC issued a final decision rejecting Thomas's claim. In that decision, the FDIC advised Thomas that he could either appeal its decision to the Equal Employment Opportunity Commission (EEOC), or else file suit "in an appropriate U.S. District Court within ninety (90) calendar days of the date you receive this decision." Thomas received a copy of the FDIC's decision on July 14.

Thomas did not appeal to the EEOC. In fact, he did nothing at all to pursue his claim until October 10 -- 88 days later -- when he attempted unsuccessfully to file a complaint against the RTC,

---

[1]   42 U.S.C. § 2000e-5(f)(1).

not in a federal district court but in a Texas state court. The only evidence in the record of that eleventh hour attempt to pursue his discrimination claim is a copy of Thomas's transmittal letter to the clerk of the Texas court, which reflects that it was received (not filed) on October 12 -- the 90th day.

The record evidence does not indicate that Thomas actually sent a petition with that letter to the Texas court. But even assuming that the correspondence Thomas sent to the clerk of the Texas court did include a petition, the clerk did not file it. Instead, the clerk attempted to return to Thomas his filing fee along with whatever correspondence the Texas court had received from Thomas. In attempting to do so, the clerk mistakenly sent the package to an unrelated law firm in Dallas, but a lawyer from that firm forwarded the materials to Thomas on October 25. The Dallas lawyer also advised Thomas by telephone that he had filed suit in the wrong court. Thomas then filed this action in federal court on November 9, 1995, 118 days after receiving the FDIC's final decision.

Thomas does not dispute that he filed his complaint in federal court later than ninety days after receiving the FDIC's final decision. He insists, however, that the magistrate judge erred by refusing to toll the running of the statutory filing period, on equitable grounds, from the day Thomas attempted to file suit in state court until the day he received the package from the Texas clerk of court indicating that no complaint was filed.

3

Thomas attempts to support his argument by citing two cases -- one from the Sixth Circuit and one from the Ninth -- both of which applied equitable tolling principles to permit the filing of a Title VII action in federal court after the passage of 90 days because the plaintiff had mistakenly but reasonably filed suit in a state court within the 90-day filing period.[2] These cases are distinguishable from the instant action. In each of these cases, the plaintiff actually <u>filed</u> a Title VII action in state court. Moreover, each was filed during a time period when conflicting authorities left unclear the now widely understood fact that federal courts have exclusive jurisdiction over Title VII claims. In opinions that were similar to each other, the Sixth and Ninth Circuits held that equitable tolling was appropriate because the plaintiff in each case acted diligently and filed a complaint within 90 days in a forum which, at the time, was <u>reasonably</u>, albeit mistakenly, believed to be a proper forum.

In contrast, Thomas offers no excuse -- either reasonable or otherwise -- for attempting to file his Title VII action in state court rather than in federal court. In its final agency decision, the FDIC clearly and explicitly advised Thomas that he must file suit in a U.S. District Court. We must presume that Thomas, who is an attorney and a member of the Judge Advocate General for the Army

---

[2] <u>Valenzuela v. Kraft, Inc.</u>, 801 F.2d 1170, 1175 (9th Cir. 1986); <u>Fox v. Eaton Corp.</u>, 615 F.2d 716, 720 (6th Cir. 1980), <u>cert. denied</u>, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981).

Reserve, is capable of understanding the difference between a federal district court and a state court. Thus, as "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence,"[3] we see no basis for equitably tolling the 90-day filing period in this case.

For the foregoing reasons, the magistrate's grant of summary judgment is

AFFIRMED.

---

[3] Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).