# KELLY WILLIAMS, Appellant
## v.
# TUTU PARK LIMITED and JUNIE CHARLESWELL, SR. a/k/a ZULU CHARLESWELL, Appellees

D.C. Civil App. No. 2006-40

District Court of the Virgin Islands

Division of St. Thomas and St. John

April 3, 2009

701

LEE J. ROHN, ESQ., K. GLENDA CAMERON, ESQ., St. Croix, USVI, *For the Appellant.*

W. MARK WILCZYNSKI, ESQ., St. Thomas, USVI, *For the Appellees.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and BRADY, *Judge of the Superior Court, Division of St. Croix, sitting by designation.*

**MEMORANDUM OPINION**

(April 3, 2009)

Appellant Kelly Williams ("Williams") appeals the dismissal of his personal injury action on statute of limitations grounds. For the reasons stated below, the Court will reverse the dismissal and remand the matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This personal injury action arose out of events that occurred on the premises of the appellee Tutu Park Mall ("Tutu Park") in St. Thomas, U.S. Virgin Islands, on June 19, 1997. At the time of the incident, Williams was a minor. Tutu Park alleges that it was informed about a disturbance involving a person threatening others with a knife.

Junie Charleswell, Sr. ("Charleswell"), a Tutu Park employee, responded and an encounter with Williams followed. Williams alleges that he was slapped, forcibly strip-searched, and threatened with physical harm by Charleswell. Williams claims he suffered physical injuries, medical expenses, mental anguish, and the loss of capacity to earn an income and to enjoy life.

Williams filed this action in the District Court of the Virgin Islands on August 17, 1999. The action was dismissed by the District Court on May 11, 2005. The dismissal was based on a finding that the District Court lacked subject matter jurisdiction.[1]

Six days later, on May 17, 2005, Williams filed the same action against the same parties in the Superior Court of the Virgin Islands. Tutu Park filed a motion to dismiss on August 8, 2005, arguing that the action was time-barred. Charleswell joined that motion on October 27, 2005. Williams opposed the motion, arguing that equitable tolling applied during the time the matter was pending in the District Court, and that, as such, his action was timely. The Superior Court granted the motion to dismiss on December 1, 2005. The court found both that equitable tolling could not apply in this case, and that even if it could, equitable factors weighed against tolling the statute of limitations. Williams timely filed this appeal.

Williams raises one issue on appeal: whether the dismissal was erroneous because equitable tolling applied during the time the suit was pending in the District Court, even though the limitations period had already been tolled once on the basis of disability while he was a minor.

## II. DISCUSSION

### A. Jurisdiction

The Superior Court had jurisdiction over this action pursuant to V.I. CODE ANN. tit. 4, § 76. This Court has jurisdiction to review final judgments and orders of the Superior Court filed before January 29, 2007, the date on which the Supreme Court of the Virgin Islands was certified as ready to assume such jurisdiction. *See* V.I. CODE ANN. tit. 4, § 33;

---

[1] The case had been brought under diversity jurisdiction, and the district court found Williams' damages could not meet the $75,000 amount in controversy requirement.

Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005).[2]

## B. Standard of Review

An appellate court reviews questions of law *de novo*. *Leckey v. Stefano*, 501 F.3d 212, 217 n.6 (3d Cir. 2007). Statute of limitations challenges present questions of law. *See Dole v. Local 427*, 894 F.2d 607, 609 (3d Cir. 1990). As such, this Court exercises plenary review of the trial court's dismissal of a lawsuit on statute of limitations grounds. *See, e.g., Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000) ("This plenary review extends to the [trial court's] choice and interpretation of applicable tolling principles and its conclusion that the facts prevented a tolling of the statute of limitations."). Further, on review of a motion to dismiss, the Court assumes that all the facts alleged in the complaint are true, and gives the complainant "the benefit of all reasonable inferences one can draw from these facts." *Lake*, 232 F.3d at 365; *see also Nelson v. County of Allegheny*, 60 F.3d 1010, 1012 (3d Cir. 1995).

We apply an abuse of discretion standard to determine whether the Superior Court properly refused to equitably toll the statute of limitations. *See, e.g., Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1389 (3d Cir. 1994) (citation omitted) (noting that an appellate court reviews the trial "court's refusal to equitably toll the . . . time limit for abuse of discretion").

## III. ANALYSIS

## A. Tolling the Statute of Limitations

The events giving rise to Williams' cause of action occurred on June 19, 1997. Williams originally filed his complaint in the District Court on August 17, 1999. On its face, the filing was untimely because the action is governed by the Virgin Islands' two year statute of limitations for tort actions. *See* V.I. CODE ANN. tit. 5, § 31(5). However, when the events occurred, Williams was a minor. As such Williams had until December

---

[2] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

31, 2000, or two years after his 21st birthday, to file suit. *See* V.I. CODE ANN. tit. 5, § 36(a) ("section 36").[3]

Williams filed his claim in the District Court before that deadline. He did not file his claim in the Superior Court until May 17, 2005. The Superior Court found that delay to be fatal. The Superior Court reasoned that section 36 precluded the equitable tolling of Williams' claim.

In *Island Insteel Systems, Incorporated v. Waters*, 44 V.I. 389, 296 F.3d 200 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit discussed the availability of equitable tolling where a party files suit in the wrong court. In that case, the plaintiffs filed an action in the United States District Court for the District of Puerto Rico. That action was dismissed for lack of personal jurisdiction. *Id.* at 203. While the case was pending in the District of Puerto Rico, the limitation period expired within which the plaintiffs' claim could be filed. *Id.* at 204. The plaintiffs thereafter re-filed their claim in the District of the Virgin Islands. This Court dismissed the action as time-barred. *Id* at 203.

The Third Circuit reversed. The appeals court explained that, under Virgin Islands law, the statute of limitations for a cause of action may be equitably tolled. The court reasoned that where a cause of action was dismissed for lack of personal jurisdiction and subsequently filed in the proper court, equitable tolling may apply if: "(1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action." *Id* at 204-05.

---

[3] Section 36 provides:

> (a) If any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues —
>
> (1) under the age of twenty-one years; or
> (2) insane; or
> (3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life—the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.

V.I. CODE ANN. tit. 5, §36(a).

## 1. *Island Insteel's* application to a case dismissed for lack of subject matter jurisdiction

While *Island Insteel* applied equitable tolling to a cause of action that was initially dismissed for lack of personal jurisdiction, it is beyond peradventure that a plaintiff exercising reasonable diligence could as easily make a mistake regarding the existence of subject matter jurisdiction, *Fox v. Eaton Corp.,* 615 F.2d 716, 719-20 (6th Cir. 1980) (equitably tolling limitations period in case first filed in state court because lack of state court jurisdiction had been "far from clear"), as he could mistake the existence of personal jurisdiction. *See, e.g., Island Insteel,* 296 F.3d at 205 ("This doctrine of equitable tolling . . . . avoids the unfairness to plaintiffs that would occur if plaintiffs who diligently but mistakenly prosecute their claims in a court that lacks personal jurisdiction find their claims time-barred when they refile in a proper jurisdiction.").

Indeed, courts in a variety of circumstances have applied equitable tolling where a plaintiff mistakenly files his action in the wrong court. *See, e.g., Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 429-35, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1965) (tolling federal statute of limitations because plaintiff had originally filed in state court, where case was dismissed for improper venue); *Fox,* 615 F.2d at 720 (tolling statute of limitations where plaintiff first filed in state court, and case was dismissed for lack of subject matter jurisdiction, because at time it was unclear if state court had Title VII jurisdiction). The legal reason that led to the conclusion that the cause of action was in the wrong court was not dispositive. In essence, those cases applied equitable tolling where a plaintiff, acting in good faith, filed his cause of action within the limitations period, but in the wrong court. The rationale for that position is not only consistent with the Third Circuit's reasoning in *Island Insteel,* but also persuasive.

As such, this Court will consider the equitable factors articulated in *Island Insteel* to determine whether the trial court abused its discretion when it refused to equitably toll the statute of limitations.

## B. Application of the *Island Insteel* Factors

### 1. The first action gave the defendant timely notice of plaintiff's claim

■ Tutu Park made appearances in the original federal case, by, among other things, filing a motion to dismiss. The federal action was timely, given that disability tolling applied. As such, the federal suit gave Tutu Park timely notice of Williams' claims.

### 2. The lapse of time between the first and second actions will not prejudice the defendant

■ Williams points out that he waited only six days between dismissal of the federal suit and filing in the Superior Court. Tutu Park has not argued that it was prejudiced by the lapse of time between the cases. As such, this Court finds Tutu Park will not be prejudiced by the lapse of time between actions.

### 3. The plaintiff prosecuted the first action in good faith and diligently filed the second action

■ The Superior Court held that this factor weighed against the application of equitable tolling. Tutu Park argues that it was unreasonable for Williams to wait until May 17, 2005 to file this case in the Superior Court. Tutu Park states that its motion to dismiss the federal case pointed out the jurisdictional problem as early as May 15, 2003. However, parties often file motions to dismiss on jurisdictional grounds that are later denied. A ruling that requires plaintiffs to re-file duplicative suits in state court every time they are confronted with a Rule 12(b)(1) motion would waste judicial resources. *See, e.g., Watson v. United States,* No. 06-716C, 2007 U.S. Claims LEXIS 430 at *24 (Fed. Cl. Jan. 26, 2007) ("filing multiple claims . . . in multiple courts . . . place[s] an unnecessary and intolerable burden on judicial resources" (quotation omitted)). Further, by the time Tutu Park filed its motion to dismiss, the statute of limitations, as tolled only by section 36, had already run on Williams' claim. As such, the Court finds that Williams' decision to delay filing until after the federal case was dismissed does not necessarily demonstrate a lack of good faith. *See generally Collier v. City of Pasadena,* 142 Cal. App. 3d 917, 931-33, 191 Cal. Rptr. 681 (1983) (discussing indicia courts may

consider in assessing good faith, and ruling that waiting to file a second action does not necessarily demonstrate a lack of good faith).[4]

■ Tutu Park also contends that, as the Superior Court found, it was unreasonable for Williams to file suit in federal court when he had no proof of damages to meet the $75,000 amount in controversy requirement. This third equitable tolling factor is not well defined by courts. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1138 (9th Cir. 2001). (discussing the third equitable tolling requirement under California law and noting, "[g]ood faith and reasonable conduct, the third requirement, was not as well defined in the case law"). Possible grounds include "if a plaintiff simply allowed the statute on his second claim nearly to run or deliberately misled the defendant into believing the second claim would not be filed, then a court might find bad faith." *Id.* (citation and quotation omitted). Further, a lack of good faith might exist where a plaintiff voluntarily dismisses his federal claims only to re-file them in state court, for tactical reasons. *See, e.g., Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984-85 (9th Cir. 1997) (finding a lack of good faith where plaintiff dismissed all pending claims when federal court declined to assert supplemental jurisdiction over some of them, in order to proceed on all claims in state court).

In this case, Williams was mistaken about the existence of a controversy worth $75,000. He was unemployed at the time of the incident, and later became a full-time student with a part-time job. Yet, he claimed lost wages. He was unable to produce any medical invoices or receipts from mental health professionals, yet he claimed medical

---

[4] The *Collier* court noted:

One possible indicium of reasonableness and good faith is whether a plaintiff filed the second claim within a reasonable time after the period of tolling concluded. . . . Another possible indicium of reasonableness and good faith is whether the plaintiff takes affirmative actions which might mislead the defendant into believing the plaintiff was foregoing his second claim. . . . But assuming that a failure to act could sometimes unfairly mislead a defendant, in the context of this case Collier's relative inactivity on the disability pension claim qualified as reasonable and good faith conduct for a very good reason. Collier's attorney had thrown the ball to Pasadena's court when he filed the application form well within the tolled period. When Pasadena failed to notify either Collier or his lawyer that it had denied this claim, the city effectively picked up the ball and left the court under cover of darkness. If Collier's team was inactive they had good reason. They were waiting for the ball to come back into their court.

*Collier*, 142 Cal. App. 3d at 931-33.

expenses and damages for mental anguish. In fact, the only evidence he produced in response to the motion to dismiss the federal case was the affidavit of his lawyer, stating that in her opinion, a jury would award Williams $75,000.

■ Despite Williams' clear mistake, on the record before it, this Court cannot find that grievously miscalculating the amount in controversy necessarily demonstrates a lack of good faith. The standard for dismissing a case for failure to meet the amount in controversy requirement is that it must be clear "to a legal certainty" that the plaintiff cannot be entitled to $75,000. *Huber v. Taylor,* 532 F.3d 237, 243 (3d Cir. 2008) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Given that the standard a plaintiff asserting diversity jurisdiction must meet is quite liberal, it does not necessarily show a lack of good faith for a plaintiff to miscalculate the value of his claim.

Williams did not mislead Tutu Park about his intention to prosecute his claims, nor is there any evidence that he filed in the District Court solely as a matter of strategy. Although it is a close question, Tutu Park's argument that Williams acted with a lack of good faith must fail.

Nor has Tutu Park argued that a six day delay in prosecuting the second case shows a lack of diligence.

## C. Section 36 does not limit equitable tolling

The Superior Court held that equitable tolling could not apply in this case. The court reasoned that section 36 expressly forbids the application of equitable tolling where a plaintiff had already benefitted from disability tolling. The language on which it based that conclusion is, "the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases." V.I. CODE ANN. tit. 5, § 36(a).

■ However, the principle of equity is not to be constrained by anything other than a clear and direct statutory command that courts shall not apply it in a particular instance. *See, e.g., Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311-12, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982) ("[W]e do not lightly assume that Congress has intended to depart from established [equitable] principles"). By its very name, equity is not derived from a statute. Rather, it seeks what is fair notwithstanding statutory limitations.

 It is true that "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998) (citing *United States v. Brockamp*, 519 U.S. 347, 117 S. Ct. 849, 136 L. Ed. 2d 818 (1997)). Further, "the starting point for interpreting a statute is the language of the statute itself." *Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003) (quotation and citation omitted). This Court does not find the Superior Court's reading of section 36 as barring all possible applications of equitable tolling to be particularly plausible. "The doctrine of the last antecedent teaches that 'qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding' and not to 'others more remote.' " *United States v. Hodge*, 321 F.3d 429, 436 (3d Cir. 2003) (quoting *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 65 (3d Cir.1993)). Applying that doctrine to section 36, the phrase "shall not be extended in any case" applies only to extensions under section 36, based on the proximity of text delineating types of disabilities. It does not apply to extensions under the doctrine of equitable tolling, which is not codified. Accordingly, this Court holds that section 36 does not prohibit the application of equitable tolling in addition to its own statutorily prescribed bases for tolling.

As such, the Court finds that the trial court abused its discretion in refusing to apply equitable tolling in this case. The pending District Court action tolled the statute of limitations, and Williams' suit was timely filed in the Superior Court. Accordingly, the trial court erred in dismissing Williams' action.

## IV. CONCLUSION

For the reasons stated above, the Court will reverse the dismissal of Williams' action for failure to state a claim, and will remand for further proceedings not inconsistent with this opinion. An appropriate order follows.